1 John W. Sheller (SBN 67519)
Wendy Wen Yun Chang (SBN 180114)
2 **HINSHAW & CULBERTSON, LLP**
11601 Wilshire Blvd., Suite 800
3 Los Angeles, CA 90025
[phone]: (310) 909-8080
4 jsheller@hinshawlaw.com
wchang@hinshawlaw.com
5

*Attorneys for Defendants*
6 *LIPSCOMB, EISENBERG & BAKER, PL,*
*and MICHAEL K. LIPSCOMB*
7

8 **UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
9

10 MALIBU MEDIA, LLC,          Case No. 2:16-CV-04715-R-FFM
   A California Limited Liability Company,
11                              **EX PARTE APPLICATION FOR**
                               **EXTENSION OF TIME TO FILE**
12          Plaintiffs,         **RESPONSIVE PLEADING TO**
                               **PLAINTIFF'S COMPLAINT**
13      vs.
                               **[Declaration of John W. Sheller and**
14 LIPSCOMB, EISENBERG & BAKER, PL,   **[Proposed] Order Filed**
   a Florida professional limited liability   **Concurrently]**
15 company; MICHAEL K. LIPSCOMB, an
   individual; and DOES 1 to 100, inclusive,   **Date:   TBD**
16                              **Time:   TBD**
            Defendants.
17

18    **TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR**

19 **ATTORNEYS OF RECORD:**

20    **PLEASE TAKE NOTICE** that Defendants LIPSCOMB, EISENBERG &

21 BAKER, PL, and MICHAEL K. LIPSCOMB (collectively "Defendants") will and

22 hereby do move this court *ex parte* for an order granting a thirty-one (31) day

23 extension of the time to file a responsive pleading to Plaintiff MALIBU MEDIA,

24 LLC.'s ("Plaintiff") Complaint.

25    This *ex parte* application is made pursuant to FRCP 6(b), and Local Rules 7-

26 19 and 8-3. Good exists to grant the requested extension because defense counsel

27 was only recently retained and assigned to this case, and needs additional time to

28

31664425v1 1772

1  investigate, and to prepare a legally appropriate response to the Complaint.  This
2  matter involves complex issues and a substantial number of documents.  An
3  appropriate response will require a substantial amount of research.  Further, there is
4  a first filed senior parallel proceeding pending in Florida. Defendants respectfully
5  contend this also constitutes good cause to grant this motion.

6      Defendants' responsive pleading is currently due on or before July 22, 2016.

7      Defendants asked Plaintiff for a stipulation to extend the time to respond to
8  the Complaint for thirty-one (31) days. Plaintiff declined to stipulate to the
9  extension requested.

10      Defendants seek approval of a thirty-one (31) day extension of the time to file
11  a responsive pleading, until and including Monday, August 22, 2016[1].

12      By filing this ex parte application, Defendants do not intend to waive any
13  defenses including that this Court is an improper or inconvenient venue or that it
14  does not have personal jurisdiction.  Defendants hereby expressly reserve the right
15  to assert any defenses that they may have.

16      No party will be prejudiced should the Court grant this ex parte application.

17  ///
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///

25
26
27
28

Page 2

---

[1] Defendants are requesting an extension of time from July 22, 2016, when its responsive pleading is due, to August 22, 2016.  Thirty days from July 22, 2016 is August 21, 2016, and falls on a Sunday.  Defendants are respectfully requesting an extension to August 22, 2016, the following Monday.

31664425v1 1772

1    This *ex parte* application is based upon this application, the attached
2   Memorandum of Points and Authorities, the Declaration of John W. Sheller, and all
3   papers and pleadings previously submitted in this case, and any other argument or
4   evidence that may be present at the hearing on this ex parte application.

5                                    Respectfully submitted,

6

7   DATED:  July 20, 2016                    HINSHAW & CULBERTSON LLP

8

9                                            By: */s/ John W. Sheller*
                                             John          W.          Sheller
10                                           Wendy Wen Yun Chang
                                             Attorneys  for  Defendants  LIPSCOMB,
11                                           EISENBERG     &     BAKER,     PL,
                                             and MICHAEL K. LIPSCOMB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Page 3

31664425v1 1772

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND STATEMENT OF RELEVANT FACTS

With this *ex parte* application, Defendants LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB ("Defendants") respectfully request an order from this Court for a thirty-one (31) day extension of the time for Defendants to file a responsive pleading to Plaintiff MALIBU MEDIA, LLC'S ("Plaintiff") Complaint up to and including Monday, August 22, 2016.

The specific background and circumstances which establish good cause for the requested extension are set forth below:

On June 10, 2016, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Lipscomb, Eisenberg & Baker, PL, and Michael Keith Lipscomb filed a confidential complaint and demand for jury trial against Malibu Media LLC, Pillar Law Group, PLLC, Digital Content, Inc., an administratively dissolved Wyoming Corporation, and Data Analytics, Inc., stating causes of action in contribution, breach of contract, unjust enrichment, defamation, declaratory judgment (accounting), declaratory judgment (withdrawal),and violation of the Computer Fraud and Data Recovery Act.  That action was served on Malibu Media LLC on July 1, 2016.

This lawsuit, for legal malpractice and related causes of action, was filed by Malibu Media LLC against Lipscomb, Eisenberg & Baker, PL, and Michael K. Lipscomb eighteen days later, on June 28, 2016, in Los Angeles, California.   (Dkt. 1).  Pillar Law Group PLLC is the plaintiff's attorney of record in the present matter. Plaintiff served this lawsuit on Defendants on July 1, 2016.  (Dkt. 8).

The law firm of Hinshaw & Culbertson, LLP was retained on July 13, 2016 to defend Defendants in this Los Angeles action.  Decl. Sheller ¶4.

On July 15, 2016, Hinshaw & Culberston LLP Attorney John W. Sheller contacted Art Kalantar of Pillar Law Group by phone and requested a thirty (30) day

1 extension to prepare a responsive pleading in this action; and offered a like
2 extension in the Florida action.  On July 18, 2016, Mr. Kalantar declined the
3 extension request.  Decl. Sheller ¶5.

4      Good cause exists to grant the requested extension because defense counsel
5 was only recently retained, and needs additional time to investigate, and to prepare a
6 legally appropriate response to the Complaint because this matter involves complex
7 issues and a substantial number of documents.  An appropriate response will require
8 a substantial amount of research.  Decl. Sheller ¶7.  Further, there is a first filed
9 senior parallel proceeding pending in Florida. Decl. Sheller ¶7.  There may be the
10 need to challenge the Pillar firm's role in this matter based on a recent transfer of
11 personnel and documents from the Defendant Lipscomb, Eisenberg & Baker, PL, to
12 the Pillar firm.

13      Defendants respectfully contend this constitutes good cause to grant this
14 motion.   Decl. Sheller ¶7.

15      On  July 20, 2016, in a further effort to resolve the issue informally and to
16 meet and confer with respect to this application, Mr. Sheller contacted Plaintiff's
17 counsel, Mr. Kalantar, again and requested that he reconsider his refusal to stipulate
18 to an extension.  Mr. Kalantar rejected Mr. Sheller's request.  Decl. Sheller ¶13, and
19 Ex. A.  Mr. Sheller gave Plaintiff's counsel *ex parte* notice of this application, *to wit,*
20 that due to the lack of stipulation, Defendants intended to file the present *ex parte*
21 application as of this date, and asked Plaintiff's counsel whether he would oppose
22 the application.  Decl. Sheller ¶8.  Counsel said he would oppose this Application.
23 See Ex. A.  Plaintiff's counsel was given notice of his right to file opposition within
24 24 hours.  Decl. Sheller ¶9, and Ex. B.  Thus, notice of this application was given in
25 accordance with Local Rule 7-19.  Decl. Sheller ¶9.

26      As of the date and time of this filing, Defendant has been unable to obtain a
27 stipulation from Plaintiff extending the time to file a responsive pleading, thus

28

Page 5

31664425v1 1772

1 | necessitating this *ex parte* application. Decl. Sheller ¶10.

2 | **II.      GOOD CAUSE EXISTS TO GRANT THE REQUESTED EXTENSION**

3 |     *Federal Rule of Civil Procedure* 12(a)(1)(A)(i) requires a defendant to serve

4 | its responsive pleading within 21 days after service of the summons and complaint.

5 | Local Rule 8-3 allows for extensions to respond to a complaint, and requires that

6 | stipulations for extensions to respond to the complaint beyond thirty (30) days to be

7 | approved by the Court. *Federal Rule of Civil Procedure* 6(b) provides that, upon a

8 | showing of "good cause," the court may sign an order (with or without notice)

9 | extending the time within which any act is required to be done.

10 |     Still further, United States District Court Central District of California

11 | Civility and Professionalism Guidelines B(2) states that "Unless time is of the

12 | essence, as a matter of courtesy we will grant first requests for reasonable extensions

13 | of time to respond to litigation deadlines."

14 |     Here, good cause exists for the requested extension because defense counsel

15 | was very recently retained, and needs additional time to investigate and to prepare a

16 | legally appropriate response to the Complaint because this matter involves complex

17 | issues and a substantial number of documents.  An appropriate response will require

18 | a substantial amount of research.  Further, there is a first filed senior parallel

19 | proceeding pending in Florida.  Defendants will be severely prejudiced should it not

20 | be allowed the additional time.

21 |     Still further, the interest of justice favors the requested extension.  This matter

22 | has just commenced.  It is undeniable that no substantial hardship or prejudice

23 | would befall any party from the granting of the extension sought.  To the contrary,

24 | Defendants will be substantially prejudiced if it is effectively denied the opportunity

25 | for assigned counsel of record to evaluate and file a timely response to the

26 | Complaint.

27 |

28 |

31664425v1 1772

**III.   THE NEED FOR EX PARTE RELIEF**

An emergency exists because, as noted above, the principal reason for seeking ex parte order is that assigned counsel of record, has only recently been retained to respond to this complaint, and Plaintiff has declined a requested stipulation for extension.  A properly noticed motion will push resolution of this issue presented herein past the July 22, 2016 deadline to file a responsive pleading, which will in turn substantially prejudice Defendants.

Neither party will be prejudiced should the Court grant this motion.

**IV.   CONCLUSION**

For all the foregoing reasons Defendants respectfully request this Court to grant its Application, and extend their deadline to respond to the complaint up to and including Monday, August 22, 2016, and for any other relief that this Court deems just and proper.

Respectfully submitted,

DATED:  July 20, 2016                    HINSHAW & CULBERTSON LLP

By: */s/ John W. Sheller*
John              W.              Sheller
Wendy Wen Yun Chang
Attorneys for Defendants LIPSCOMB, EISENBERG    &    BAKER,    PL, and MICHAEL K. LIPSCOMB

31664425v1 1772

## DECLARATION OF JOHN W. SHELLER

I, John W. Sheller, declare as follows:

1.     I am over the age of 18 and am not party to this action.   I am a partner at Hinshaw & Culbertson LLP, counsel of record for Defendants LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB.    I am lead trial counsel and one of the handling attorneys in this matter on behalf of the firm.  I have personal knowledge of the matters set forth below, and could and would testify competently thereto if called to do so.

2.     On June 10, 2016, I am informed and believe and thereon allege that in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, Lipscomb, Eisenberg & Baker, PL, and Michael Keith Lipscomb filed a confidential complaint and demand for jury trial against Malibu Media LLC, Pillar Law Group, PLLC, Digital Content, Inc., an administratively dissolved Wyoming Corporation, and Data Analytics, Inc., stating causes of action in contribution, breach of contract, unjust enrichment, defamation, declaratory judgment (accounting), declaratory judgment (withdrawal),and  violation of the Computer Fraud and Data Recovery Act.

3.     This lawsuit, for legal malpractice and related causes of action, was filed by Malibu Media LLC against Lipscomb, Eisenberg & Baker, PL, and Michael K. Lipscomb eighteen days later, on June 28, 2016, in Los Angeles, California.  I am informed and believe that complaint in the Florida action was served on Malibu Media on July 1, 2016.

4.     My firm was retained on July 13, 2016 to defend Defendants in this Los Angeles action.

5.     On July 15, 2016, I contacted Art Kalantar of Pillar Law Group, Plaintiff's counsel of record, by phone and requested a thirty (30) day extension to

31664425v1 1772

1  prepare a responsive pleading in this action; and offered a like extension in the

2  Florida action.  On July 18, 2016, Mr. Kalantar declined the extension request.

3        6.    By this exparte application, Defendants seek a thirty-one (31) day

4  extension to respond to the complaint, up to and including Monday, August 22,

5  2016.  Defendants' responsive pleading is currently due on July 22, 2106.

6        7.    Good cause exists to grant the requested extension because defense

7  counsel was only recently retained, and needs additional time to investigate, and to

8  prepare a legally appropriate response to the Complaint because this matter involves

9  complex issues and a substantial number of documents.  An appropriate response

10  will require a substantial amount of research. Further, there is a first filed senior

11  parallel proceeding pending in Florida.  My client is in Florida.  I am brand new to

12  the case which involves an attorney client relationship of some years involving

13  litigation across the country.  There appears to be an issue to examine which may

14  give rise to a challenge to the Pillar law firm's involvement herein based on the

15  transfer of personnel and documents from the defendant law firm to the Pillar law

16  firm.

17        8.    On  July 20, 2016, in a further effort to meet and confer with respect to

18  this application, I contacted Attorney Kalantar again and requested that he

19  reconsider his refusal to stipulate to an extension. Plaintiff's counsel refused.  See

20  Ex. A.

21        9.    On July 20, 2016, I gave Mr. Kalantar *ex parte* notice of this

22  application, *namely,* that due to the lack of stipulation, Defendants intended to file

23  the present *ex parte* application as of this date, and asked Mr. Kalantar whether he

24  would oppose the application.  Plaintiff's counsel stated that he would oppose the

25  application.  See Ex. A.

26        Notice of Plaintiff's right to file opposition within 24 hours was sent by my

27  email as attached hereto as Exhibit "B."  Notice of this application was given in

28

31664425v1 1772

1  accordance with Local Rule 7-19.

2      10.   As of the date and time of this filing, Defendant has been unable to

3  obtain a stipulation from Plaintiff extending the time to file a responsive pleading,

4  thus necessitating this *ex parte* application.

5      11.   By filing this application, Defendants do not intend to waive any

6  defenses including that this Court is an improper or inconvenient forum or that it

7  does not have personal jurisdiction.  Defendants hereby expressly reserve the right

8  to assert any defenses that they may have.

9      12.   This matter is just starting.  No party will be prejudiced should the

10  Court grant this ex parte application, having just been filed.

11      13.   According to Mr. Kalantar's email this afternoon, a true and correct

12  copy of which is attached hereto as Exhibit "A", he was willing to wait sixty (60)

13  days for the defendants' appearance, before he chose to serve them.

14      I declare under the penalty of perjury of the laws of the United States of

15  America that the foregoing is true and correct.

16      Executed this 20th day of July, 2016, at Los Angles, California.

17

18      /s/ *John W. Sheller*
        John W. Sheller

19

20

21

22

23

24

25

26

27

28

31664425v1 1772

# EXHIBIT "A"



**Re: Malibu media Lipscomb,Eisenberg & Baker pleadings**
Art Kalantar  to: jsheller@hinshawlaw.com                                07/20/2016 03:15 PM

History:                This message has been forwarded.

Hi John,

We will oppose defendants' ex parte motion to extend the time to plead beyond 21 days.

We filed this suit on June 28, 2016 and on the very same day I emailed a copy of the conformed complaint to Mr. Lipscomb and his two partners.  In my email I asked him if he would agree to accept service.  No one even replied to my email and we served them on July 1st.

Mr. Lipscomb is very familiar with FRCP and had he needed more time to file his responsive pleading he would have accepted the service and timely waived it. It would give him 60 days to respond, instead of 21 days.  But, he had chosen not to accept service.

I am not in the office now and will ask Ana to email you a copy of my email to Mr. Lipscomb and his partners.

Thank you,
Art


Art Kalantar, Esq.
Pillar Law Group, APLC
150 S. Rodeo Dr., Suite 260
Beverly Hills, CA 90212
(310) 999-0000
www.pillar.law


On Jul 20, 2016, at 2:32 PM, "jsheller@hinshawlaw.com" <jsheller@hinshawlaw.com> wrote:

> Art,
> I left a message this morning ; and called again just now. I was informed by your  receptionist you are not planning to be in the office today. She suggested I write you an e mail and gave me this address.
> I would ask you to reconsider your decision not to sign a stipulation to extend the time for my client to plead in this matter which we discussed Monday  this week..
> If you are firm in that decision , then this will serve as notice that my firm will file an ex parte motion , late this afternoon ,
> to extend the time  to plead by 31 days .
> For my declaration , and under the rules,  I would appreciate an indication whether you intend to oppose the motion , so I may inform the Court .
> Thanks,
> Kind Regards,
> John

# EXHIBIT "B"

Re: Malibu media Lipscomb,Eisenberg & Baker pleadings

John W Sheller  to: Art Kalantar                                   07/20/2016 04:29 PM

Thanks for getting back to me , Art.
Per the rules , this is notice you have 24 hours to file your opposition to my client's ex parte motion. Our papers will be filed  and served on you within the hour.
Kind Regards,
John

John W Sheller
Partner
Hinshaw & Culbertson LLP
11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025
Tel: 310-909-8000  |  Fax: 310-909-8001
E-mail: jsheller@hinshawlaw.com

Certified Specialist in Legal Malpractice Law by the State Bar of California's Board of Legal Specialization

# HINSHAW
& CULBERTSON LLP

*Building on the Barger Tradition*

---

Art Kalantar            Hi John, We will oppose defendants' ex parte m...      07/20/2016 03:15:30 PM

From:        Art Kalantar <art@pillar.law>
To:          "jsheller@hinshawlaw.com" <jsheller@hinshawlaw.com>,
Date:        07/20/2016 03:15 PM
Subject:     Re: Malibu media Lipscomb,Eisenberg & Baker pleadings

Hi John,

We will oppose defendants' ex parte motion to extend the time to plead beyond 21 days.

We filed this suit on June 28, 2016 and on the very same day I emailed a copy of the conformed complaint to Mr. Lipscomb and his two partners.  In my email I asked him if he would agree to accept service.  No one even replied to my email and we served them on July 1st.

Mr. Lipscomb is very familiar with FRCP and had he needed more time to file his responsive pleading he would have accepted the service and timely waived it. It would give him 60 days to respond, instead of 21 days.  But, he had chosen not to accept service.

I am not in the office now and will ask Ana to email you a copy of my email to Mr. Lipscomb and his partners.

Thank you,
Art

Art Kalantar, Esq.

Pillar Law Group, APLC
150 S. Rodeo Dr., Suite 260
Beverly Hills, CA 90212
(310) 999-0000
www.pillar.law

On Jul 20, 2016, at 2:32 PM, "jsheller@hinshawlaw.com" <jsheller@hinshawlaw.com> wrote:

Art,
I left a message this morning ; and called again just now. I was informed by your receptionist you are not planning to be in the office today. She suggested I write you an e mail and gave me this address.
I would ask you to reconsider your decision not to sign a stipulation to extend the time for my client to plead in this matter which we discussed Monday this week..
If you are firm in that decision , then this will serve as notice that my firm will file an ex parte motion , late this afternoon ,
to extend the time to plead by 31 days .
For my declaration , and under the rules, I would appreciate an indication whether you intend to oppose the motion , so I may inform the Court .
Thanks,
Kind Regards,
John

John W Sheller
Partner
Hinshaw & Culbertson LLP
11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025
Tel: 310-909-8000 | Fax: 310-909-8001
E-mail: jsheller@hinshawlaw.com

Certified Specialist in Legal Malpractice Law by the State Bar of California's Board of Legal Specialization

<mime-attachment.jpg>

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this



communication or any attachments.

**PROOF OF SERVICE**
**Mivu Media, LLC v. Liscomb, Eisenberg & Baker, PL**
**USDC Case No. 2:16-cv-04715**

I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action(s); my business address is One California Street, 18th Fl., San Francisco, CA 94111.

On July 20, 2016, I served the document(s) entitled, **EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING TO PLAINTIFF'S COMPLAINT; [PROPOSED] ORDER** on the interested parties in this action:

| |
|---|
| Pillar Law Group, APLC<br>Art Kalantar<br>Henrik Mosesi<br>Anthony H. Lupu<br>150 South Rodeo Drive, Ste. 260<br>Beverly Hills, CA 90212 |

**(BY MAIL):** X    I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL OR ELECTRONIC TRANSMISSION):** X Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person[s] at the e-mail address[es] set forth herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. See Cal.R.Ct.R. 2060

**(BY CM/ECF SERVICE):**   I caused   such   document(s)   to   be   delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 20, 2016, at Los Angeles, California.

MELANIE INGRID DAVIS

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31642409v1 0984694