**PILLAR LAW GROUP, APLC**
Art Kalantar, Esq. (SBN 229626)
Henrik Mosesi, Esq. (SBN 189672)
Anthony H. Lupu, Esq. (SBN 226168)
150 South Rodeo Drive, Suite 260
Beverly Hills, California 90212
Tel: (310) 999-0000
Fax: (888) 667-5482

Attorneys for Plaintiff MALIBU MEDIA, LLC,
a California limited liability company.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALIBU MEDIA, LLC, a California limited liability company.<br><br>Plaintiff<br><br>v.<br><br>LIPSCOMB, EISENBERG & BAKER, PL, a Florida professional limited liability company; MICHAEL K. LIPSCOMB, an individual; and DOES 1 to 100, inclusive,<br><br>Defendants. | **Case No.** 2:16-cv-04715-R-FFMx<br><br>**PLAINTIFF'S RESPONSE TO DEFENDANTS' EX PARTE APPLICATION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADING TO PLAINTIFF'S COMPLAINT; DECLARATION OF ART KALANTAR**<br><br>**Date:** TBD<br>**Time:** TBD |

**I.**

**STATEMENT OF FACTS**

Plaintiff filed its Complaint on June 28, 2016.  *See* CM/ECF 1.  Defendant Michael K. Lipscomb ("Lipscomb") was personally served with the Summons and Complaint in this case on July 1, 2016.  *See* CM/ECF 9.  Lipscomb, Eisenberg & Baker, PL ("LEB") was served via its registered agent, Michael K. Lipscomb, on July 1, 2016.  *See* CM/ECF 8.  The response deadline for both defendants is July 22, 2016.  On June 28, 2016, Plaintiff's counsel, Art Kalantar, emailed Lipscomb and inquired whether he would waive service for both himself and LEB.  Lipscomb ignored Plaintiff's counsel's request and offer.  Decl. Kalantar ¶ 3,4,5.   See a true and correct copy

1

of the email dated June 28, 2016 from Art Kalantar to Lipscomb attached herein as Exhibit A.

On July 13, 2016 counsel for Defendants, John Sheller, contacted Plaintiff's counsel inquiring whether Plaintiff was interested in going to early mediation. Decl. Kalantar ¶ 6,7. Plaintiff's counsel declined the premature offer to attend early mediation in the same phone conversation. Decl. Kalantar ¶ 8. Next, defense counsel called Plaintiff's counsel on July 15, 2016 asking that Plaintiff agree to stay both this proceeding and the Florida state proceeding and attend mediation. Decl. Kalantar ¶ 9. Plaintiff's counsel again declined the offer as premature on July 18, 2016. Decl. Kalantar ¶ 10, 11, 13. On July 20, 2016 defense counsel emailed Mr. Kalantar and asked for a stipulation for a 31-day extension for defendants to file their responsive pleading. Decl. Kalantar ¶ 14. On the same day, Art Kalantar emailed John Sheller and informed him that Plaintiff would oppose his clients' ex parte application. Decl. Kalantar ¶ 15.

## II.

## ARGUMENT

## DEFENDANTS' DEMAND FOR A 31-DAY FURTHER EXTENSION IS UNREASONABLE AND VIOLATES LOCAL RULE 8-3

Defendants were served on July 1, 2016. Their response is due on July 22, 2016. Defense counsel was hired on or before July 13, 2016. Defendants had more than adequate time to prepare and file their responsive pleading. Furthermore, Defendants are seeking preferential treatment from every other federal defendant in that they want 52 days to respond to a complaint rather than the 21-days allowed under the FRCP. Had defendants accepted Plaintiff's reasonable offer to waive service, they would have had 60 days to respond under FRCP 12(a)(ii). Defendants ignored Plaintiffs' offer and forced Plaintiff to spend money to serve defendants. Defendants now seek relief from this Court.

While it is true that counsel may stipulate to extend the time within which the defendant may

file his responsive pleading, the demand here by defendants is unreasonable.

Local Rule 8-3 states:

> "L.R. 8-3 Response to Initial Complaint. A stipulation extending the time to respond to the initial complaint shall be filed with the Clerk. If the stipulation, together with any prior stipulations, does not extend the time for more than a cumulative total of thirty (30) days from the date the response initially would have been due, the stipulation need not be approved by the judge. Any such stipulation must have as its title "Stipulation to Extend Time to Respond to Initial Complaint By Not More than 30 days (L.R. 8- 3)". Directly beneath the title, the parties shall state when the Complaint was served, when a response currently is due, and when it will be due following the filing of the stipulation."

Here, Defendants' demand to extend their response deadline by 31 days violates Local Rule 8-3 in that it extends the deadline more than a cumulative total of thirty days.  Had Defendants requested a reasonable extension such as 7 or 10 days, Plaintiff would have stipulated.  However, here, Plaintiff could not stipulate to such an extension even if it wanted.

This is not a very complicated case.  The complaint contains 57 paragraphs and four causes of actions.  The fact that there is another lawsuit filed by Lipscomb in Florida against Plaintiff's counsel and Plaintiff and other unrelated defendants, should play absolutely no role in this Court's decision to grant defendants an extension of 31 additional days within which to plead.  Lipscomb and LEB knew that they were going to be sued for their actions against Plaintiff.  The fact that Lipscomb filed a frivolous and pre-emptive lawsuit in Florida state court should be of no consequence to this Court's decision to grant this extension request.

/ / /

/ / /

/ / /

## III.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests this Court deny Defendants' ex parte application for extension of time.

DATED: July 21, 2016          **PILLAR LAW GROUP**
                              *A Professional Law Corporation*

                              By: _____
                              Henrik Mosesi, Esq.
                              Art Kalantar, Esq.
                              Anthony H. Lupu, Esq.
                              Attorneys for Plaintiff MALIBU MEDIA, LLC,
                              a California limited liability company

## DECLARATION OF ART KALANTAR

I, ART KALANTAR, declare and state as follows:

1. I am an attorney at law duly admitted to practice before all the courts of the State of California as well as U.S. District Court for Central District of California. I am a principal of Pillar Law Group, the attorney for Plaintiff, Malibu Media, LLC ("Malibu") in this matter. I have reviewed the file and familiar with its contents, and if called as a witness I could testify competently to the matters set forth herein of my own personal knowledge.

2. On June 28, 2016, Malibu filed the complaint in the present action with the court.

3. On the same day, June 28, 2016, I sent an email to Defendant Keith Lipscomb and the other two named partners of Defendant Lipscomb, Eisenberg and Baker, PL, Steven E. Eisenberg and Deborah Baker advising them that this action had been filed with the Court.

4. In my email to them I had attached a copy of the filed Complaint and asked if Mr. Lipscomb would agree to accept service of the complaint. Attached as "**Exhibit A**" is a true and correct copy of said email.

5. I have not received any response to my email.

6. On Wednesday, July 13, 2016 I received a call from Mr. John Sheller. On the same day I called him back and we discussed this matter.

7. Mr. Sheller suggested to have a mediation before Defendants' file their responsive pleadings and stipulate to a 60-day extension of Defendants' response time.

8. I informed Mr. Sheller that Plaintiff was not prepared for a mediation this early in the litigation. We have not reached any agreement during July 13, 2016 call.

9. On Friday, July 15, 2016 Mr. Sheller called me again and we further discussed the option of going to a mediation. I advised Mr. Sheller that I would need to consult with the client and suggested to discuss the matter further on Monday, July 18, 2016.

10. On Monday, July 18, 2016 Mr. Sheller called again and inquired about Plaintiff's decision to mediate. I informed Mr. Sheller that Plaintiff rejected his proposal to mediate, because Plaintiff would need to conduct discovery to ascertain the extent of damages.

11. Then Mr. Sheller asked if we would agree to a mutual extension of time to respond. The Defendants' would give Pillar Law Group, APLC ("Pillar") additional time to respond to the complaint filed against Pillar in Florida state court and in exchange Defendants' would be granted additional time to file their response in the present matter.

12. I informed Mr. Sheller that Pillar's response had been ready and would be filed timely with the Florida state court.

13. On the same day, Monday, July 18, 2016 I advised Mr. Sheller that Plaintiff would not stipulate to extent Defendant's time to file their responsive pleadings.

14. On July 20, 2016, Mr. Sheller emailed me asking for an additional 31-days extension beyond July 22. He further stated that he would seek an ex parte order if I did not reconsider my previous decision.

15. On July 20th I emailed Mr. Sheller in responsive to his email and stated that Plaintiff would oppose his ex parte application to extend time.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DECLARATION OF ART KALANTAR IN SUPPORT OF PLAINTIFF'S RESPONSE TO EX PARTE APPLICATION

DATED: July 21, 2016

_____
ART KALANTAR

**EXHIBIT A**

# Art Kalantar

| | |
|---|---|
| **From:** | Art Kalantar |
| **Sent:** | Tuesday, June 28, 2016 2:51 PM |
| **To:** | 'Keith Lipscomb'; 'Deborah Baker'; 'Steven Eisenberg' |
| **Cc:** | Henrik Mosesi; Anthony Lupu; Edgar Sargsyan |
| **Subject:** | Malibu Media v. Lipscomb |
| **Attachments:** | Malibu Media v. Lipscomb - Fed Complaint.pdf |

Mr. Lipscomb,

Attached please find a courtesy copy of the complaint filed today in US District Court for the Central District of California by Malibu Media, LLC against you and LIPSCOMB, EISENBERG & BAKER, PL.

Please advise if you will agree to accept service on behalf of all defendants.

Thank you,
Art



**Art Kalantar, Esq.**
**PILLAR LAW GROUP, APLC**
150 S. Rodeo Dr., Suite 260
Beverly Hills, CA 90212
Tel:  310-999-0000
Fax:  888-667-5482
www.pillar.law

***DISCLAIMER*** This is a confidential e-mail transmission.  This mail (and any attachments) is intended for the sole use of the person or entity to which it is addressed and may contain information that is privileged and/or confidential.  You, the recipient, are obligated to maintain it in a safe, secure and confidential manner.  If you are not the intended recipient, please immediately notify Pillar Law Group, A Professional Law Corporation by return email or (310) 999-0000 and destroy all copies of the original message.