1  John W. Sheller (SBN 67519)
   Wendy Wen Yun Chang (SBN 180114)
2  HINSHAW & CULBERTSON LLP
   11601 Wilshire Blvd., Suite 800
3  Los Angeles, CA 90025
   Telephone:   310-909-8000
4  Facsimile:   310-909-8001
   jsheller@hinshawlaw.com
5  wchang@hinshawlaw.com

6
7  Attorneys for Defendants LIPSCOMB, EISENBERG & BAKER, PL,
   and MICHAEL KEITH LIPSCOMB

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10

11 | MALIBU MEDIA, LLC,                          | Case No. 2:16-CV-04715-R-FFM
12 | A California Limited Liability Company,     |
13 |                  Plaintiffs,               | **LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB'S NOTICE OF MOTION AND MOTION TO DISMISS, or ALTERNATIVELY TO STAY ACTION UNDER** *COLORADO RIVER* **DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL KEITH LIPSCOMB**
14 |              vs.                            |
15 | LIPSCOMB, EISENBERG & BAKER, PL, a Florida professional limited liability company; MICHAEL K. LIPSCOMB, an individual; and DOES 1 to 100, inclusive, |
16 |                                             |
17 |                                             |
18 |                  Defendants.               | Date:          September 6, 2016
19 |                                             | Time:          10:00 a.m.
   |                                             | Court Room:    8
20 |                                             |
   |                                             | [Proposed] Order Filed Concurrently herewith]
21 |                                             |
   |                                             | Complaint Filed: June 28, 2016
22

23 ///
24 ///
25 ///
26 ///
27 ///
28

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

                              1
              _____
              DEFENDANTS' MOTION TO DISMISS

                                          31665048v1 1772

1  **TO THIS HONORABLE COURT, ALL PARTIES, AND THEIR**
2  **ATTORNEYS OF RECORD:**

3      **PLEASE TAKE NOTICE** that on September 6, 2016 at 10:00 a.m. in
4  Courtroom 8 of the above-entitled court which is located at 312 N. Spring Street,
5  Los Angeles, CA 90012, that Defendants LIPSCOMB, EISENBERG & BAKER,
6  PL, and MICHAEL KEITH LIPSCOMB (collectively "LEB") will and hereby do
7  move, this Honorable Court for an order to dismiss, or alternative to stay this action,
8  pursuant to the doctrine of abstention set forth in *Colorado River Water*
9  *Conservation Dist. v. United States,* 424 U.S. 800, 815, 96 S.Ct. 1236, 1245 (1976),
10 because the parties and issues raised in the present action are substantially similar
11 and should be asserted as a compulsory counterclaim to those raised in previously
12 filed separate litigation pending in Florida state court known as *Lipscomb,*
13 *Eisenberg & Baker, PL et al. v. Malibu Media, LLC et al*., Miami-Dade County state
14 court case number 42609418, in the Circuit Court of the 11th Judicial Circuit in and
15 for Miami-Dade County, Florida (the Florida action).   A dismissal or stay is
16 warranted by considerations of wise judicial administration, giving regard to
17 conservation of judicial resources and comprehensive disposition of litigation.

18     PLEASE TAKE FURTHER NOTICE THAT pursuant to item 7 of this
19 Court's  June 30, 2016 "Order re: Notice to Counsel", [Dkt. 7], "(Local Rule 7-3):
20 parties are NOT obligated to meet and confer, or file a declaration in connection
21 thereto, for the purposes of preparing and filing dispositive motions (to dismiss,
22 summary judgment etc.)".
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

2

DEFENDANTS' MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31665048v1 1772

This motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Michael Keith Lipscomb, and all papers and pleadings previously submitted in this case, and any other argument or evidence that may be present at the hearing on this motion.

Respectfully submitted,

DATED: July 22, 2016                          HINSHAW & CULBERTSON LLP


By: */s/ John W. Sheller*
_____
John W. Sheller
Wendy Wen Yun Chang
Attorneys for Defendants LIPSCOMB,
EISENBERG & BAKER, PL,
and MICHAEL KEITH LIPSCOMB

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

3
DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND STATEMENT OF RELEVANT FACTS.

On June 10, 2016, LEB filed a *confidential* complaint in Florida state court to enforce its rights in a fee dispute against its former client Malibu Media, LLC, known as *Lipscomb, Eisenberg & Baker, PL et al. v. Malibu Media LLC, et al.*, Miami-Date county case number 42609418, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the Florida action).  As to Malibu Media, LLC, the Florida action stated causes of action against it sounding in contribution, breach of contract, unjust enrichment, defamation, declaratory judgment (accounting), and declaratory judgment (withdrawal). The Florida action, contrary to Plaintiff's allegations in this lawsuit, was filed confidentially.  Decl. Lipscomb ¶7.  The Florida action was served on Malibu Media LLC on July 1, 2016.  Decl. Lipscomb ¶2.

The Florida Action was filed by moving party against Malibu Media, and others, including Malibu Media's counsel in this action, and seeks recovery for breach of contract and contribution among other things, and as to Malibu Media, was filed relating to Malibu Media's obligations for fees incurred in the representation of Malibu Media in numerous civil actions prosecuted across the country over several years.

In an obvious attempt at forum shopping, this legal malpractice action (the malpractice action) was filed here in the Central District of California 18 days *after* the Florida).  The California malpractice action was filed by [Florida defendant and California Plaintiff] Malibu Media, LLC against [Florida Plaintiff and California defendants] Lipscomb, Eisenberg & Baker, PL, and [Defendant] Michael Keith Lipscomb.

It is undisputed that Lipscomb, Eisenberg & Baker, PL is a Florida law firm, and that Michael Keith Lipscomb is a Florida lawyer. [Dkt. 1, Complaint ¶2, 3].

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

1
DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

By its complaint in this action, Plaintiff alleges that it was a client to LEB, and further alleges that LEB acted as its general counsel relating to its efforts to enforce its copyrights across the United States for its adult film production business. [Dkt. 1, Complaint ¶¶8-10]. Plaintiff alleges LEB's legal malpractice and breach of fiduciary duty, stating substantially similar alleged five legal errors: 1) the *Raleigh* case, 2) 2015 mediations, 3) the *Doe* case, 4) withdrawing from pending matters and 5) allegedly improper cost charges, all of which concern services that were performed by LEB for Plaintiff in Florida. [Compare Dkt. 1, Complaint ¶32 with ¶35, ¶36, ¶41]. Plaintiff also alleges LEB engaged in numerous violations of the Florida Rules of Professional Conduct in both causes of action, relating to a dispute relating to an engagement agreement, as well as billing, accounting, and fee issues. There are additional alleged Florida rules violations in the breach of fiduciary duty cause of action but based on the same underlying facts. [e.g. Dkt. 1, Complaint ¶11-26, ¶32(d) (professional negligence) with ¶¶36-46 (breach of fiduciary duty.)] Plaintiff also states an additional cause of action for an accounting, and one for alleged violation of the California Unfair Competition Law, under California Business & Professions Code §17200 et seq. [Dkt. 1, Complaint].

Plaintiff admits that LEB filed the Florida action on June 10, 2016 and that the confidential Florida lawsuit related to the attorney client relationship between LEB and Plaintiff. [Dkt. 1, Complaint ¶30, 47 ("…Defendants revealed attorney-client privileged and confidential information to the Court and the general public for no reason but to retaliate against MM for their repeated requests for accounting.")][1]

---

[1] This allegation lacks merit. The Florida action was filed confidentially. Still further, Florida Rule of Professional Conduct Rule 4-1.6 states in pertinent part:

"(c) When Lawyer May Reveal Information. A lawyer may reveal confidential information to the extent the lawyer reasonably believes necessary:
…

(2) to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and client;
…

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

2

DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

Undeniably, this California lawsuit before this Honorable Court, for legal malpractice and related causes of action, was filed eighteen days after the Florida action, on June 28, 2016, in Los Angeles, California, and also seeks remedies arising out of the exact same attorney client relationship and obligations of that relationship that is at issue in the Florida action – i.e. between Plaintiff and LEB over LEB's representation of Plaintiff in its efforts to enforce its copyrights nationally. [Dkt. 1.] Pillar Law Group PLLC, a defendant in the Florida action, is the plaintiff's attorney of record in the present matter.  Plaintiff served this lawsuit on LEB on July 1, 2016. [Dkt. 8, 9.]

In resolving the issues in this lawsuit, this Court will be called upon to make rulings based about the same alleged acts and/or omissions on the part of both Plaintiff and LEB relating to their attorney client relationship over Plaintiff's national copyright enforcement efforts.  The key issues would include rulings interpreting and applying the Florida Rules of Profession Conduct. Those Florida ethics claims are at the heart of Plaintiff's allegations in this lawsuit, and will be at the heart of Plaintiff's defense of the Florida action fee claim. Because claims in this legal malpractice lawsuit seek remedies arising out of the *same* attorney client relationship between LEB and Plaintiff at issue in the Florida action relating to the exact same acts and/or omissions relating to that attorney client relationship, the claims in this malpractice action are compulsory cross claims that must be asserted as compulsory counter claim in the first filed Florida action. (FRPC Rule 13(a), Florida Rule Civ. Pro. 1.170).  As is clearly revealed by the Complaint, [Dkt. 1], this lawsuit seeks remedies against a Florida attorney and a Florida law firm, for legal services performed in Florida, for, in part, alleged violations of the Florida Rules of Professional Conduct. Defendants' respectfully assert that this lawsuit should be dismissed, so that the Florida action may proceed, under *Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800, 815, 96 S.Ct. 1236, 1245. Alternatively, this action should be stayed pending resolution of the Florida action.

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

3

DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

A stay until resolution of the Florida action is warranted because the Florida action will resolve all of the issues presented in the present malpractice action, the stay will also avoid piecemeal litigation and the possibility of inconsistent outcomes. State law issues – whether the acts of a Florida law firm and Florida lawyer under Florida tort law and the Florida Rules of Professional Conduct are proper, predominate. Federal law will play *no* role in deciding the issues on the merits in the present action, which is before this Court on diversity jurisdiction. The *Colorado River* doctrine warrants abstention.  Under the *Colorado River* doctrine, a federal court can dismiss or stay proceedings when there is a pending parallel state court action. *Colorado River*, 424 U.S. at 817; *R.R. Street & Co. v. Transport Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011).  Dismissal or stay of a federal action under the *Colorado River* abstention doctrine is justified by considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. *R.R. Street,* 656 F.3d at 978 (*citing Colorado River*, 424 U.S. at 817); *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F.Supp.2d 1160, 1169 (C.D. Cal. 2008).

Federal courts require a showing of "exceptional circumstances" to support abstention or dismissal. *Colorado River*, 96 S.Ct. at 1244. However, "[t]his somewhat overstates the law because in certain circumstances, a federal court may stay its proceedings in deference to pending state proceedings. This doctrine 'rest[s] on considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.''" *Nakash v. Marciano*, 882 F.2d 1411, 1415 (1989), *quoting Colorado River*, 424 U.S. at 817.

The Ninth Circuit has identified nonexclusive factors to consider in balancing state and federal interests where there is a pending state court suit presenting the same issues between the same parties:

1)   which court first assumed jurisdiction over any [real] property;

2)   the inconvenience of the federal forum;

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31665048v1 1772

3)  the desire to avoid piecemeal litigation;

4)  the order in which the forums obtained jurisdiction;

5)  whether federal law or state law provides the rule of decision on the merits;

6)  whether the state court can adequately protect the rights of the federal litigants;

7)  the desire to avoid forum shopping; and

8)  whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street*, *supra.*, 656 F.3d at 978-979; *see also ScripsAmerica v. Ironridge Global LLC*, 56 F. Supp. 3d 1121, 1145-56 (C.D. Cal. 2014). "These factors are to be applied in a pragmatic and flexible way, as part of a balancing process rather than as a 'mechanical checklist.'" *Nakash,* 882 F.2d at 1415 (quoting *American Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.,* 843 F.2d 1253, 1257 (9th Cir.1988) (*quoting Moses Cone,* 460 U.S. 1, 16, 103 S.Ct. 927, 937 (1983.))  Exact parallelism is not required - it is enough if the two proceedings are substantially similar.  *Nakash,* 882 F.2d at 1415.

Analysis of these factors heavily favor a dismissal or stay.

**A.    There is No Real Property Involved in This Litigation.**

**B.    This California Federal Forum is Across the Country from Defendants' Residence/Principal Place of Business, From Where the Contract Was Performed, and is a Highly Inconvenient Forum.**

It is not disputed that LEB is a Florida law firm, and with a Florida lawyer, as the defendants in this action.  [Dkt. 1, Complaint ¶2, 3].  Over the course of an alleged five year attorney client relationship, the Complaint only alleges two meetings in California by Mr. Lipscomb; the balance of the factual allegations relate to allegations about communications that did not originate from California, and funds that were wired to Plaintiff from outside California. [Dkt. 1, Complaint ¶7].

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

5

DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

The attorney client contract that forms the entire basis for this lawsuit was performed in Florida: LEB performed its legal services to Plaintiff from Florida. Decl. Lipscomb ¶8. LEB's firm offices are only in Miami, Florida. Decl. Lipscomb ¶3. LEB communicated to Plaintiff from Miami, Florida. Decl. Lipscomb ¶8. LEB wired the money at issue in this Complaint to Plaintiff from Miami, Florida. Decl. Lipscomb. ¶8. LEB's voluminous files for its work for Plaintiff are in Florida. Decl. Lipscomb ¶8. All of LEB's employees who worked on this file, with the exception of one attorney who left LEB in Miami, to work the Pillar Law firm in California, are in Florida. Decl. Lipscomb ¶8. Attorney Lipscomb is a resident of Florida, and lives in Miami. Decl. Lipscomb ¶4. Attorney Lipscomb has no property in California, and has only visited here no more than five times. Decl. Lipscomb ¶9. Due to the above, California is a highly inconvenient forum for LEB to defend this litigation. Decl. Lipscomb ¶9.

C.      **The Desire to Avoid Piecemeal Litigation Supports Granting this Motion.**

"Piecemeal litigation occurs when different tribunals consider the same issues, thereby duplicating efforts and possibility of reaching different results." *ScripsAmerica*, 56 F. Supp. 3d at 1149 (quoting *Am. Int'l Underwriters, (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988)).

Here, the Florida action and this malpractice action raise the same factual and legal issues as it pertains to the parties to this case – namely rights and remedies due to the parties under the attorney client relationship between Plaintiff and LEB, only their respective positions as plaintiff and defendant are reversed. By this lawsuit, Plaintiff seeks to litigate before this Court the same facts and the same legal issues raised in the Florida action, which rightfully should be asserted as a compulsory counter claim in the Florida action.[2] (Fed. Rule. Civil Proc. Rule 13; Florida Rules

---

[2] See Federal Rules of Civil Procedure Rule 13:

DEFENDANTS' MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31665048v1 1772

Civ. Pro. Rule 1.170). The underlying factual basis for the claims are "nearly identical". *ScripsAmerica*, 56 F.Supp. 3d at 1148. Permitting this suit to continue in this forum would undeniably result in piecemeal litigation.

**D.    The Florida Action was Filed Eighteen Days Before This California Complaint.**

It is undisputed that the Florida action was filed eighteen days before this lawsuit, and that the Florida action seeks remedies arising out of the attorney-client relationship between Plaintiff and LEB.  [Dkt. 1, Complaint ¶30, 47 ("...Defendants revealed attorney-client privileged and confidential information to the Court and the general public for no reason but to retaliate against MM for their repeated requests for accounting."))

**E.    Florida State Law Provides the Rule of Decision on the Merits and Can Adequately Protect the Rights of the Federal Litigants.**

These two factors may be addressed in tandem because they raise overlapping issues. *ScripsAmerica*, 56 F. Supp.3d at 1151.

The predominance of state law issues in this matter is plain - no federal issues are raised, and the dispute turns entirely on Florida common law and the Florida Rules of Professional Conduct, issues that are familiar to the court in the Florida action, but may not be as familiar to this California court.  There is no evidence that the Florida State Court cannot adequately protect the rights of the litigants in this matter. There is no federal question presented by this action.

---

(a) Compulsory Counterclaim.

    (1) In General. A pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:

        (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and

        (B) does not require adding another party over whom the court cannot acquire jurisdiction.

DEFENDANTS' MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31665048v1 1772

1    Federal law recognizes the importance of a state's interest in regulating the

2    conduct of the attorneys appearing before it.  (*See, e.g., Middlesex County Ethics*

3    *Committee v. Garden State Bar Ass'n*, 457 U.S. 423, 102 S.Ct. 2515 (federal court

4    abstention under *Younger* doctrine in light of pending state bar disciplinary

5    proceeding.))

6    **F.    This Court Should Not Award Plaintiff's Forum Shopping.**

7    "Forum shopping refers to "[t]he practice of choosing the most favorable

8    jurisdiction or court in which a claim might be heard [citation].  To avoid forum

9    shopping, courts may consider 'the vexatious or reactive nature of either the federal

10   or the state litigation.'" *R.R. Street,* 656 F.3d at 981 (*quoting Moses H.Cone*, 460

11   U.S. at 17, n.20).  The sheer timing of the filing of this lawsuit demonstrates its

12   reactive nature and that it was clearly an attempt to avoid the Florida court, who is

13   best suited to hear these Florida based claims against this Florida law firm and

14   Florida lawyer over the Florida ethics rules.

15   **G.    The Florida Action Will Resolve All Issues Currently Before the**

16          **Federal Court.**

17   This malpractice action and Florida action are based upon the same facts and

18   seek to litigate disputes governing the same attorney client relationship.  There is no

19   federal law triggered by this action.  LEB's affirmative claims in Florida would be

20   their defenses here in California, and conversely, Malibu Media LLC's defenses to

21   the Florida fee claim would be the same as the affirmative claims it asserts here in

22   the California action. While the Florida action has a few additional defendants,

23   making the Florida action more comprehensive, all of Plaintiff's claims herein can,

24   and should, be litigated in the Florida action. "We should be particularly reluctant to

25   find that the actions are not parallel when the federal action is but a "spin-off" of

26   more comprehensive state litigation." *Nakash*, 882 F.2d at 1416.

27

28

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

## II.    <u>CONCLUSION</u>

For all the foregoing reasons Defendants respectfully contend that a dismissal or stay is warranted by considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Defendants respectfully request this Court to grant this motion and dismiss this Complaint under *Colorado River,* or alternatively, *stay* this litigation, pending resolution of the Florida Action, and for any other relief that this Court deems just and proper.

DATED:  July 22, 2016                              HINSHAW & CULBERTSON LLP


By: */s/ John W. Sheller*
John W. Sheller
Wendy Wen Yun Chang
Attorneys for Defendants LIPSCOMB,
EISENBERG & BAKER, PL,
and MICHAEL KEITH LIPSCOMB

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

## DECLARATION OF MICHAEL KEITH LIPSCOMB

I, Michael Keith Lipscomb, declare as follows:

1.     I am over the age of 18 and named defendant in this action. I am a member of Defendant LIPSCOMB, EISENBERG & BAKER, PL.  I have personal knowledge of the matters set forth below, and could and would testify competently thereto if called to do so.

2.     The Florida action was served on Malibu Media LLC on July 1, 2016.

3.     Lipscomb, Eisenberg & Baker, PL is a Florida law firm, with its principal place of business (and only office) in Miami, Florida.

4.     I am a lawyer duly licensed by the State Bar of Florida.   I live in Miami, Florida.

5.     Unable to resolve my firm's fee dispute with our former client Malibu Media, LLC, on June 10, 2016, LEB filed a confidential complaint in Florida state court to enforce its rights in that fee dispute against Malibu Media, LLC, known as *Lipscomb, Eisenberg & Baker, PL et al. v. Malibu Media LLC, et al.*, Miami-Dade County Case number 42609418, in the Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida (the Florida action).

6.     As to Malibu Media, LLC, the Florida action stated causes of action against it sounding in contribution, breach of contract, unjust enrichment, defamation, declaratory judgment (accounting), and declaratory judgment (withdrawal). The claims are based on legal services provided to Malibu Media by Lipscomb, Eisenberg & Baker PL in connection with copyright litigation across the county over several years.

7.     The Florida action, contrary to Plaintiff's allegations in this lawsuit, was filed confidentially.

8.     The contract for legal services my firm had with Malibu Media LLC was performed in Florida. I, and my fellow firm employees, communicated to

DEFENDANTS' MOTION TO DISMISS

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31665048v1 1772

Plaintiff from Miami, Florida.  Any funds that were wired to Plaintiff were wired from my firm's bank, which is located in Miami, Florida. All of my firm's files for the work we did for Malibu Media LLC are in our offices in Miami, Florida.  Those files are extremely voluminous. My firm has no employees outside of Miami, Florida. All of the attorneys at Lipscomb Eisenberg & Baker who worked for Plaintiff, with the exception of Emilie Kennedy who left LEB in Miami, to work the Pillar Law firm in California, are in Florida.  The other defendant in the Florida action, Digital Content Inc now known as Digital Analytics, Inc., is based in Florida, as are 3 of its 4 managers.

9.    I have no property in California.  I have visited California no more than five times in my life. Due to all of the above, California is a highly inconvenient forum for me and for my firm to defend this litigation.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of July, 2016, at Miami, Florida.

/s/ *Michael Keith Lipscomb*
Michael Keith Lipscomb

DEFENDANTS' MOTION TO DISMISS

31665048v1 1772

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

**PROOF OF SERVICE**
**Malibu Media, LLC v. Lipscomb, Eisenberg & Baker, PL.**
**USDC Case No. 2:16-cv-04715-R-FFM**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On July 22, 2016, I served the document(s) entitled, **LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB'S NOTICE OF MOTION AND MOTION TO DISMISS, or ALTERNATIVELY TO STAY ACTION UNDER COLORADO RIVER DOCTRINE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL KEITH LIPSCOMB** on the interested parties in this action:

| Pillar Law Group, APLC<br>Art Kalantar<br>Henrick Mosesi<br>Anthony H. Lupu<br>150 South Rodeo Drive, Suite 260<br>Beverly Hills, CA 900<br>. | Attorneys for Plaitiff |
|---|---|

**(BY MAIL):** ☐   I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL OR ELECTRONIC TRANSMISSION):** ☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person[s] at the e-mail address[es] set forth herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. See Cal.R.Ct.R. 2060

**(BY CM/ECF SERVICE):** ☒ I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on July 22, 2016, at Los Angeles, California.

Kristina Hightower

HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd.
Suite 800
Los Angeles, CA 90025
310-909-8000

31665412v1 0989099