1  **PILLAR LAW GROUP, APLC**
   Art Kalantar, Esq. (SBN 229626)
2  Henrik Mosesi, Esq. (SBN 189672)
   Anthony H. Lupu, Esq. (SBN 226168)
3  150 South Rodeo Drive, Suite 260
   Beverly Hills, California 90212
4  Tel: (310) 999-0000
   Fax: (888) 667-5482
5
   Attorneys for Plaintiff MALIBU MEDIA, LLC,
6  a California limited liability company.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10

11 MALIBU MEDIA, LLC,                        **Case No.** 2:16-cv-04715-R-FFMx
   a California limited liability company.
12                                           **PLAINTIFF'S MEMORANDUM OF**
                     Plaintiff               **POINTS AND AUTHORITIES IN**
13                                           **OPPOSITION TO DEFENDANTS'**
   v.                                        **MOTION TO DISMISS or**
14                                           **ALTERNATIVELY TO STAY ACTION;**
   LIPSCOMB, EISENBERG & BAKER, PL, a        **DECLARATION OF COLETTE**
15 Florida professional limited liability company;  **PELISSIER; DECLARATION OF HENRIK**
   MICHAEL K. LIPSCOMB, an individual; and   **MOSESI, ESQ.**
16 DOES 1 to 100, inclusive,
                                             Date: September 6, 2016
17                   Defendants.             Time: 10 a.m.
                                             Courtroom: 8
18

19

20

21

22

23

24

25

26

27

28

**TABLE OF CONTENTS**

I. STATEMENT OF FACTS ................................................................................................... 4

II. ARGUMENT ........................................................................................................................ 4

    A. THIS COURT CAN EXERCISE PERSONAL JURIDICTION ON DEFENDANTS .... 4

        1. Personal Jurisdiction ................................................................................................ 4

            a. Purposeful Availment ....................................................................................... 6

                i. Relationship to Defendants' Forum-Related Activities ................................. 6

                ii. Reasonableness ............................................................................................. 7

    B. VENUE IN THIS DISTRICT IS APPROPRIATE ............................................................ 9

        1. This Action Could Have Been Brought in Another District ........................................ 9

        2. Convenience and Interest of Justice ............................................................................ 9

            a. Convenience of the Parties ............................................................................. 10

            b. Convenience of the Witnesses and Availability of Compulsory Process ........ 10

            c. Plaintiff's Choice of Forum ............................................................................ 10

            d. Interest of Justice ........................................................................................... 10

    C. THERE ARE NO EXCEPTIONAL CIRCUMSTANCES HERE TO STAY THIS ACTION .............................................................................................................................. 11

        1. In Rem Jurisdiction ................................................................................................... 12

        2. Substantial Similarity ................................................................................................ 12

        3. Convenience ............................................................................................................. 12

        4. Avoidance of Piecemeal Litigation ........................................................................... 12

        5. Priority of Proceedings ............................................................................................. 13

        6. Controlling Law ........................................................................................................ 13

        7. Adequacy of State Proceedings ................................................................................ 14

III. CONCLUSION ................................................................................................................... 14

DECLARATION OF COLLETE PELISSIER-FIELD ................................................................ 15

DECLARATION OF HENRIK MOSESI, ESQ. .......................................................................... 17

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

# TABLE OF AUTHORITIES

**Cases**

*AT&T Co. v. Compagnie Bruxelles Lambert*, 94 F.3d 586, 588 (9th Cir. 1996) .............................. 5
*Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ........................................................... 5
*Bancroft & Masters, Inc. v. Augusta Nat'l Inc.*, 223 F.3d 1082, 1086 (9th Cir. 2000)...................... 5
*Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1258 (9th Cir. 1989) ...................... 4
*Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 479, 105 S. Ct. 2174, 2183, 2185, 85 L. Ed. 2d 528 (1985) ............................................................................................................................. 6, 7
*Colorado River Water Conservation Dist. V. United States*, (1976) 424 U.S. 800, 813, 96 S. Ct. 1236, 1244 ............................................................................................................................. 11
*Core-Vent Corp. v. Noveb. Industries A.B.*, 11 F.3d 1482, 1484 (9th Cir. 1993) ........................... 4, 7
*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*, 557 F.2d 1280, 1286 (9th Cir. 1977)........................... 4, 5
*Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986) ............ 9, 10, 11
*E. & J. Gallo Winery v. F. & P.S.P.A.*, 899 F. Supp. 465 (E.D. Cal. 1994) ................................... 10
*Gray & Co. v. Firstenberg March. Co.*, 913 F.2d 758, 761 (9th Cir. 1990) ...................................... 8
*Great American Ins. Co. v. Gross*, 468 F.3d 199, 208-209 (4th Cir. 2006 ................................... 12
*Harris Rutsky & Co. Ins. Servs, Inc., v. Bell & Clements Ltd.*, 328 F.3d 1122, 1133 (9th Cir. 2003) 8
*Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16. 104 S. Ct. 1868, 1872-73, 80 L. Ed. 2d 404 (1984) ...................................................................................................... 5
*Int'l Shoe Co. v. Washington*, 326, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. (1945 ........... 4
*Intel Corp. v. Advanced Micro Devices, Inc.*, 12 F. 3d 908, 915 (9th Cir. 1993) ............................ 14
*Kahn v. Gen. Motors Corp.*, 889 F.2d 1078, 1083 (Fed. Cir. 1989) .......................................... 9, 10
*Kelly Investment, Inc. v. Continental Common Corp.*, 315 F.3d 494, 498 (5th Cir. 2002).. 11, 12, 13
*Leroy v. Great W. United Corp.*, 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 61 L.Ed. 464 (1979) ... 4
*Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987)...................................................................... 10
*Milliken v. Meyer*, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278(1940) ............................ 4
*Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.*, (1983) 460 U.S. 1, 16, 103 S. Ct. 927, 937 ................................................................................................................................. 12, 13
*Murphy v. Uncle Ben's, Inc.*, 168 F. 3d 734, 738.  (5th Cir. 1999).................................................. 12
*Omeluk v. Langsten Slip & Batbyggeri A/S*, 52 F.3d 267, 270 (9th Cir. 1995) ............................... 5
*Pac. Atlantic Trading Co. v. M/V Main Ex parte.*, 758 F.2d 1325, 1330 (9th Cir. 1985).................. 7
*Raffaele v. Compagnie Generale Maritime*, 707 F.2d 395, 399 (9th Cir. 1983).............................. 8
*Romie v. Compuserve Corp.*, 160 F.3d 337, 341 (6th Cir. 1988)................................................... 12
*Saleh v. Titan Corp.*, 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005) .............................................. 10
*Shute v. Carnival Cruise Lines*, 897 F.2d 377, 381 (9th Cir. 1990)............................................. 6, 8
*Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988)............................................... 6
*Television Events & Mktg., Inc. v. Amcon Distrib. Co.*, 416 F. Supp. 2d 948, 971 (D. Haw. 2006) ........................................................................................................................................ 11
*Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 561 (9th Cir. 1995)................................................... 7
*Travelers Indemnity Co. v. Madonna*, 914 F. 2d 1364, 1370, (9th Cir. 1990)................................ 14
*United States v. Morros*, 268 F. 3d 695, 706-707 (9th Cir. 2001) ................................................ 12
*Youell v. Exxon Corp.*, 74 F. 3d 373, 375 (2nd Cir. 1996) .............................................................. 13
*Zeigler v. Indian River County*, 64 F.3d 470, 476 (9th Cir. 199 ..................................................... 7

**Statutes**

28 U.S.C. §1404(a).......................................................................................................................... 9

**Rules**

Cal. Code Civ. Pro. §410.10........................................................................................................... 4

I. **STATEMENT OF FACTS**

Plaintiff filed its Complaint on June 28, 2016. *See* CM/ECF 1. Defendant Michael K. Lipscomb ("Lipscomb") was personally served with the Summons and Complaint in this case on July 1, 2016. *See* CM/ECF 9. Lipscomb, Eisenberg & Baker, PL ("LEB") was served via its registered agent, Michael K. Lipscomb, on July 1, 2016. *See* CM/ECF 8.

II. **ARGUMENT**

**A. THIS COURT CAN EXERCISE PERSONAL JURISDICTION ON DEFENDANTS**

Defendants assert that the Complaint against them should be dismissed because the Court lacks personal jurisdiction over them and because venue in this district would be inconvenient. Questions regarding personal jurisdiction are typically decided in advance of venue. Leroy v. Great W. United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 61 L.Ed. 464 (1979).

1. Personal Jurisdiction

Where there is no applicable federal statute governing personal jurisdiction, the Court applies the law of the state in which it sits. Core-Vent Corp. v. Noveb. Industries A.B., 11 F.3d 1482, 1484 (9th Cir. 1993). California's long-arm statute allows the exercise of personal jurisdiction to the fullest extent permitted by the Due Process Clause of the United States Constitution. See Cal. Code Civ. Pro. §410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."); Data Disc, Inc. v. Sys. Tech. Assocs., Inc., 557 F.2d 1280, 1286 (9th Cir. 1977). Accordingly, the Court "need only determine whether personal jurisdiction in this case would meet the requirements of due process." Brainerd v. Governors of the Univ. of Alberta, 873 F.2d 1257, 1258 (9th Cir. 1989).

Due process requires "that in order to subject a defendant to a judgment in personam, if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326, 326 U.S. 310, 316, 66 S. Ct. 154, 158, 90 L. Ed. (1945) (quoting Milliken v. Meyer, 311 U.S. 457, 463, 61 S. Ct. 339, 343, 85 L. Ed. 278(1940)). If a defendant's activities within the forum are "continuous and systematic" or "substantial," such that they

4

approximate physical presence, the state has sufficient relationship with the defendant to assert jurisdiction in any action, even if the action is unrelated to those contacts. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415-16. 104 S. Ct. 1868, 1872-73, 80 L. Ed. 2d 404 (1984); Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082, 1086 (9th Cir. 2000). Plaintiff submits that both Michael K. Lipscomb and his firm have systematically appeared in California courts (Decl. Mosesi ¶9,11) and have hired and supervised California attorneys and have received funds from hundreds of copyright infringement cases from California cases (Decl. Pelissier ¶12, 13) so as to be subject to general jurisdiction in this State.

If, however, this Court finds that the defendant's contacts with the forum are more limited, the state may assert specific jurisdiction depending on the quality and nature of the defendant's contacts with the forum state in relation to the cause of action. Data Disc, 557 F.2d at 1287. In the Ninth Circuit, specific jurisdiction exists if:

> (1) The defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Bancroft & Masters, 223 F.3d at 1086. "If any of the three requirements is not satisfied, jurisdiction in the forum would deprive the defendant of due process of law." Omeluk v. Langsten Slip & Batbyggeri A/S, 52 F.3d 267, 270 (9th Cir. 1995). On a motion to dismiss where the Court has not held an evidentiary hearing, the plaintiff need only make a prima facie showing that jurisdiction exists by demonstrating "facts that if true would support jurisdiction over the defendant." Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995). The plaintiff's version of facts alleged in the complaint is taken as true unless directly contravened and any conflicts between the facts contained in the parties' affidavits are resolved in the plaintiff's favor for purposes of deciding whether a prima facie case for personal jurisdiction exists. AT&T Co. v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996).

Here, specific jurisdiction exists due to Defendants' contacts with California related to the legal representation of Plaintiff.

a. <u>Purposeful Availment</u>

Defendant Michael K. Lipscomb, while a partner at Lipscomb, Eisenberg & Baker, PL, reached into this forum via telephone calls, text messages and emails while soliciting Malibu Media's business. Defendants' contacted Malibu Media extensively in late-2011 trying to convince Malibu Media to engage defendants as its copyright enforcement counsel. Decl. Pelissier ¶3. These contacts with Malibu Media resulted in negotiations for the engagement of Defendants for their copyright enforcement services throughout the United States. Malibu Media eventually engaged the services of Defendants to represent it throughout the United States in copyright enforcement actions. Decl. Pelissier ¶4. See <u>Shute v. Carnival Cruise Lines</u>, 897 F.2d 377, 381 (9th Cir. 1990) ("a non-resident defendant's act of soliciting business in the forum state will generally be considered purposeful availment if that solicitation results in contract negotiations or the transaction of business"); <u>Sinatra v. Nat'l Enquirer, Inc</u>., 854 F.2d 1191, 1195 (9th Cir. 1988). This Court should also consider the negotiations leading up to the agreement between Malibu Media and Defendants for representation where they "contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing," in determining that Defendants should have reasonably anticipated being hauled into court in California. See <u>Burger King Corp. v. Rudzewicz</u>, 471 U.S. 462, 479, 105 S. Ct. 2174, 2183, 2185, 85 L. Ed. 2d 528 (1985). Here, Defendants negotiated the terms of the agreement to represent Plaintiff while Plaintiff was a resident of California (Decl. Pelissier ¶1, 2), Defendants sent declarations and affidavits to Malibu Media and its principal to sign under penalty of perjury in California (Decl. Pelissier ¶9), Defendants sent payments from the copyright enforcement litigation to Plaintiff's bank accounts in California (Decl. Pelissier ¶8), Defendant, Michael K. Lipscomb, traveled to California to meet with Colette Pelissier on at least two occasions in order to give updates on pending copyright matters throughout the United States. (Decl. Pelissier ¶10).

    i. <u>Relationship to Defendants' Forum-Related Activities</u>

Plaintiff's claim is also sufficiently related to Defendants' forum-related activities to support personal jurisdiction. The Ninth Circuit applies a "but for" test to determine whether the plaintiff's claims arise out of or result from the defendants' forum-related activities. <u>Terracom v. Valley Nat'l</u>

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Bank, 49 F.3d 555, 561 (9th Cir. 1995). Plaintiff submits that this requirement is met. But for the contacts between the defendants and the forum state, the cause of action against defendants would not have arisen. Defendants reached into this state to solicit a resident of it for legal representation. Defendants gave misleading accounting (Decl. Pelissier ¶7) for the copyright enforcement actions they brought or supervised either through electronic communication, telephone communication or personal visits with plaintiff in the forum state. Lastly, Defendants sent money to Plaintiff in California supposedly for Plaintiff's contingency portion according to agreement between the parties. But for these forum-related activities, Plaintiff would not have a cause of action against Defendants.

### ii. Reasonableness

Lastly, the exercise of personal jurisdiction over Defendants is reasonable in this case. Courts consider seven factors in evaluating the reasonableness of personal jurisdiction:

> (1) the extent of defendants' purposeful interjection into the forum state's affairs; (2) the burden on defendant of defending in the forum; (3) the extent of conflict with the sovereignty of defendants' state; (4) the forum's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of alternative forum.

Core-Vent, 11 F.3d 1482, 1487-88 (9th Cir. 1993). Where the defendant has been found to have purposefully availed itself of the privileges conducting activities in the forum state, the defendant must present a "compelling case" that these additional considerations render jurisdiction unreasonable. Burger King, 471 U.S. at 477, 105 S. Ct. at 2184-2185.

Here, Defendants' interjection into California is sufficient to satisfy purposeful availment prong of the specific jurisdiction analysis. California has a strong interest in protecting Plaintiff, its resident, from injury and providing a forum to remedy its harm. Pac. Atlantic Trading Co. v. M/V Main Ex parte., 758 F.2d 1325, 1330 (9th Cir. 1985). Additionally, the importance of the forum to Plaintiff's interest in convenient and effective relief should weigh in Plaintiff's favor because it is located here. Zeigler v. Indian River County, 64 F.3d 470, 476 (9th Cir. 1995). While it may be a

burden to defend a case here in California for Defendants, that burden will not be overwhelming "in light of modern advances in transportation and communications" and will not be so great as to constitute deprivation of due process. Shute, 897 F.2d at 386-387. Defendants emailed documents in digital format to Plaintiff while representing it in the copyright cases. Decl. Pelissier ¶9. Defendants either took depositions of defendants in the copyright actions or allowed Colette Pelissier's deposition to be taken via telephone conference on numerous occasions. Decl. Pelissier ¶11. With videoconferencing being so commonplace either through Skype or Facetime, Defendants would not be burdened with multiple travels to California for depositions and such.

With Florida being within United States, "any conflicting sovereignty interest are best accommodated through choice-of-law rules rather than jurisdictional rules." Gray & Co. v. Firstenberg March, Co., 913 F.2d 758, 761 (9th Cir. 1990). Defendants may argue that Florida rules should apply with regards to Plaintiff's allegations for negligence, breach of fiduciary duty or accounting. However, Defendants cannot argue that it would be unreasonable for this Court to exercise personal jurisdiction over them because the state of Florida may also have an interest in the outcome of this matter. The interest of the state of Florida can be adequately protect through a choice-of-law finding by this Court at the appropriate time.

With regards to the last factor, courts usually consider the location of witnesses and evidence and which court is most competent to interpret the applicable law. Harris Rutsky & Co. Ins. Servs, Inc., v. Bell & Clements Ltd., 328 F.3d 1122, 1133 (9th Cir. 2003); Raffaele v. Compagnie Generale Maritime, 707 F.2d 395, 399 (9th Cir. 1983). Plaintiff's principal and employees reside in the state of California. Decl. Pelissier ¶1, 2. Defendants reside in Florida. Undoubtedly, some California law and some Florida law will ultimately apply to this dispute. Therefore, neither California nor Florida has a clear advantage regarding this last factor. However, as stated before, the witnesses can testify at their depositions through telephone or video conference. Lastly, this Court is more

8

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

than capable in applying and interpreting both Florida and California law. So on balance, it would not be unreasonable for this Court to exercise jurisdiction here.

### B. VENUE IN THIS DISTRICT IS APPROPRIATE

Under 28 U.S.C. §1404(a), a court may transfer an action "[f]or the convenience of the parties and witnesses, in interest of justice,...to any other district where it might have been brought." However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other." Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989). Transfer under 28 U.S.C. §1404(a) is only appropriate to a district in which the case "might have been brought" initially. Id. Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendant must be subject of personal jurisdiction. Therefore a transfer under §1404 has two steps: (1) consideration of whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, consideration of whether transfer would be more convenient for the parties and witnesses, and serve the "interest of justice."

#### 1. This Action Could Have Been Brought in Another District

Plaintiff concedes that this action could have been brought in Florida. Plaintiff was harmed by a Florida attorney and law firm. It would be disingenuous for Plaintiff to argue that it could not sue Defendants in Florida. However, Plaintiff's choice of forum is California and this District.

#### 2. Convenience and Interest of Justice

In evaluating the second prong of the transfer analysis under §1404, this Court may consider several factors to determine whether the convenience and interest of justice elements of §1404(a) are met by the proposed transfer: (1) convenience of the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations. See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); E. & J. Gallo Winery v. F. &

P.S.P.A., 899 F. Supp. 465 (E.D. Cal. 1994). These factors are each sub-categories of the three general factors listed in the text section 1404(a) itself: the convenience of parties, the convenience of witnesses, and the interest of justice. Courts interpret these factors broadly, and apply them to the particular facts of each individual case. See, e.g., E. & J. Gallo Winery, 899 F. Supp. At 466.

### a. Convenience of the Parties

Plaintiff is a resident of California and Defendants reside in Florida. Transfer to Florida would only shift the burden of litigation in a distant forum from Defendant to Plaintiff. Merely shifting the burden onto Plaintiff by transferring this case to Florida is inappropriate. Kahn v. Gen. Motors Corp., 889 F.2d at 1083.

### b. Convenience of the Witnesses and Availability of Compulsory Process

Here, the witnesses will be the principals of the parties themselves. Michael K. Lipscomb and Colette Pelissier will be the star witnesses in this case. While courts consider the convenience of all witnesses, the convenience of non-party witnesses is more important than that of party witnesses. Saleh v. Titan Corp., 361 F. Supp. 2d 1152, 1160 (S.D. Cal. 2005). This Court can compel the party witnesses to appear for any matter in this case. California would be a convenient forum under this element. No non-party witnesses have been identified as of yet and therefore it is premature for Defendants to argue the convenience to non-existent non-party witnesses.

### c. Plaintiff's Choice of Forum

This factor weighs greatly against transfer. On a motion for transfer, the plaintiff's choice of forum is generally given "great weight" and the defendant "must make a strong showing of inconvenience" to upset that choice. Lou v. Belzberg, 834 F.2d 730, 739 (9th Cir. 1987); Decker Coal, F.2d at 843. Since a significant number of events giving rise to this action occurred or were directed to Plaintiff in this district, this Court should give great weight on this factor.

### d. Interest of Justice

Under this factor, courts often consider such things as relative interest of the competing

venues in litigation.  In this case, it is appropriate to consider which forum is most familiar with the governing law.  See <u>Decker Coal</u>, 805 F.2d at 843; <u>Television Events & Mktg., Inc. v. Amcon Distrib. Co</u>., 416 F. Supp. 2d 948, 971 (D. Haw. 2006).  Because both California and Florida law will apply in this case, this factor should not weigh heavily in favor of transfer or not.

In conclusion, Plaintiff's choice of forum should be entitled great weight and there must be a strong showing of inconvenience to upset that choice.  Defendants have failed to meet their burden of showing such inconvenience.

### C. THERE ARE NO EXCEPTIONAL CIRCUMSTANCES HERE TO STAY THIS ACTION

Colorado River abstention is only appropriate under "exceptional circumstances." <u>Colorado River Water Conservation Dist. V. United States</u>, (1976) 424 U.S. 800, 813, 96 S. Ct. 1236, 1244. The following facts are relevant for this Court to determine whether it should stay this proceeding: (1) whether the court has taken control of res or property that is the subject of the litigation; (2) whether the state and federal suits are substantially similar; (3) whether the inconvenience of the federal forum is "so great that abstention is warranted." <u>Kelly Investment, Inc. v. Continental Common Corp</u>. 315 F.3d 494, 498 (5th Cir. 2002); (4) the avoidance of piecemeal litigation; (5) priority of proceedings; (5) and controlling law.

Defendants have not met their burden to show that exceptional circumstances warrant staying this action to allow the Florida state court action to proceed.  First, Defendants filed their complaint in Florida under seal.  This action has prevented this Court and Plaintiff from discussing and analyzing the contents of the Florida lawsuit allegations.  As such, absent this Court being able to see and weigh the allegations of the Florida complaint, it should find that Defendants have not met their burden to lay an adequate foundation for this Court to decide this issue.

In analyzing the factors outlined in Colorado River, this Court should carefully balance the

11
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

factors "with the balance heavily weighted in favor of exercising jurisdiction." <u>Moses H. Cone Mem. Hosp. v. Mercury Const. Corp</u>. (1983) 460 U.S. 1, 16, 103 S. Ct. 927, 937.

1. <u>In Rem Jurisdiction</u>

There is no res or property that is the subject of this lawsuit. Absence of this factor weighs against abstention. <u>Murphy v. Uncle Ben's, Inc</u>. 168 F. 3d 734, 738. (5th Cir. 1999).

2. <u>Substantial Similarity</u>

Abstention is improper when there are dissimilar claims and lack of identity of parties. <u>Great American Ins. Co. v. Gross</u> 468 F.3d 199, 208-209 (4th Cir. 2006). Defendants fail to inform this Court that Plaintiff's law firm (Pillar Law Group) is also a party to the action. Decl. Mosesi ¶2. The parties are dissimilar and as such "abstention" is improper. Furthermore, the claims in the Florida case are not similar to the claims asserted here. Here, the Plaintiff has asserted a breach of fiduciary duty and a claim under California Business and Professions Code section 17200 for unlawful business practices. However, again, since this Court is not able to look at the allegations on the Florida complaint, it cannot determine the similarity of the claims.

3. <u>Convenience</u>

The arguments above regarding convenience to the parties in litigating in California or Florida apply here. Since the only inconvenience will be to the party litigants and not to non-party witnesses, this element is not conclusive and should weigh against stay. The inconvenience of this federal forum is not so great to warrant abstention. <u>Kelly Investment</u> at 498.

4. <u>Avoidance of Piecemeal Litigation</u>

Courts may allow discretionary stay of proceedings if the state and federal proceedings involve different parties and issues that could expose one or more of the parties to risk of conflicting results. <u>Romie v. Compuserve Corp</u>. 160 F.3d 337, 341 (6th Cir. 1988). However, abstention is only proper where there is a strong federal policy that all claims should be tried in the state courts. <u>United States v. Morros</u>, 268 F. 3d 695, 706-707 (9th Cir. 2001). Defendants have put forth no

evidence of strong federal policy that this action should be tried in Florida state court. On the other hand, Plaintiff has shown that as a resident of this state who has been injured by Defendants' actions, it has a great interest to have its dispute be heard and resolved in this Court. Furthermore, there is no possibility of inconsistent rulings on the issue of malpractice because the first judgment on this issue will be res judicata in the other proceeding. Kelly Investment at 498.

### 5. Priority of Proceedings

While it is true that the Florida case was filed first, Defendant Lipscomb only moved to have Plaintiff served in the Florida case after he was served in this case on June 30, 2016. Decl. Mosesi ¶5. The proceeding in Florida is only about eighteen days older than this case and has not advanced at all. In fact, Malibu Media has not even been served in the Florida case as Defendant falsely declares. Decl. Mosesi ¶4. Defendants erroneously served Plaintiff's counsel instead of Malibu Media. Decl. Mosesi ¶4. The Florida case has absolutely no priority over this case. More work has been done in this case than in the Florida case. Defendant has filed an-ex parte application to extend time to respond to the Complaint and this motion to dismiss or stay action. Decl. Mosesi ¶7. This factor is not measured by which case was filed first, "but rather in terms of how much progress has been made in the two actions." Moses H. Cone Mem. Hosp v. Mercury Const. Corp., at 21. Since, the Florida case has not advanced at all except the filing of the under seal Complaint, this Court should find against staying this action.

### 6. Controlling Law

Whether state or federal law provides the rule of decision on the merits is another factor for this Court to consider. Youell v. Exxon Corp. 74 F. 3d 373, 375 (2nd Cir. 1996). In this case, the Court will not be applying federal law to the facts of the case. It will apply either California or Florida law, or both, to the issues in the case. Just because there may be a need to apply Florida law to this case does not by itself outweigh this Court's "obligation to provide a complete and prompt

resolution of all claims, state and federal." Intel Corp. v. Advanced Micro Devices, Inc., 12 F. 3d 908, 915 (9th Cir. 1993). Federal Courts sitting in diversity have been applying state laws to disputes before them since the creation of the District courts pursuant to the Federal Judiciary Act of 1789. Plaintiff is not advancing a novel concept here.

### 7. Adequacy of State Proceedings

Plaintiff is not alleging that the Florida court is an inadequate forum.

In closing, Defendants have not met their burden to show that a stay of this proceeding is appropriate here. Actually, a stay is "improper where state and federal cases had been filed at roughly the same time and neither had progressed substantially." Travelers Indemnity Co. v. Madonna, 914 F. 2d 1364, 1370, (9th Cir. 1990).

## III. CONCLUSION

Based on the foregoing, Plaintiff respectfully submits that this Court has general and specific personal jurisdiction over Defendants and that this district is not an inconvenient forum for the resolution of this action. Lastly, this Court should not stay this proceeding as Defendants have not met their burden to show exceptional circumstances justifying such stay.

DATED: August 16, 2016            **PILLAR LAW GROUP**
                                  *A Professional Law Corporation*


                                  By: _____
                                      Henrik Mosesi, Esq.
                                      Art Kalantar, Esq.
                                      Anthony H. Lupu, Esq.
                                      Attorneys for Plaintiff MALIBU MEDIA, LLC,
                                      a California limited liability company

14
**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

## DECLARATION OF COLETTE PELISSIER-FIELD

I, Colette Pelissier-Field, declare as follows:

1. I am over the age of 18. I am a member and manager of Malibu Media, LLC, a California Limited Liability Company. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called upon to do so.

2. I reside in Ventura County, but Malibu Media's business offices are located in Beverly hills, California. Malibu Media's has several employees, who also reside in either Los Angeles or Ventura County.

3. In late 2011, Michael K. Lipscomb ("Lipscomb"), passing himself off as a partner of Lipscomb, Eisenberg and Baker, PL ("LEB") contacted me in California to discuss and offer his and his firm's legal services in enforcing Malibu Media's copyrights in various movies. We spoke a number of times regarding how Lipscomb and LEB would enforce Malibu Media's copyrights. Essentially, Lipscomb outlined how his firm would locate and identify the copyright violators, who downloaded Malibu Media's works through BitTorrent websites, and sue them in federal courts throughout the United States for violations of the Copyright Act. In these phone conversations, Mr. Lipscomb made certain representations about the cost of such lawsuits and Malibu Media's portion from the recovery of damages from copyright violators.

4. Eventually, sometime in late 2011 or early 2012, Malibu Media, after the initial negotiations with Lipscomb and LEB decided to hire them to represent it in filing copyright complaints against illegal BitTorrent downloaders of Malibu Media's works.

5. Starting in late 2011, Lipscomb sent me hundreds of emails either as follow-ups to our initial negotiations or to give updates on cases after Malibu Media had agreed to hire both him and his firm to represent it.

6. Lipscomb also sent numerous text messages to me in California beginning in late-2011 either as follow-up to our initial negotiations or to give updates on pending copyright cases.

7. Beginning after early 2012, Lipscomb, through his firm's email address, sent me here in California various documents which purportedly gave financial accounting on the hundreds of pending copyright cases throughout the United States. These documents were grossly incomplete

and misleading and did not give an accurate accounting of the gross and net proceeds from the cases.

8. On Multiple occasions beginning in 2012, Lipscomb sent to Malibu Media's bank accounts various wire transfers of money representing a portion of the proceeds of the copyright cases.

9. On multiple occasions, Lipscomb sent declarations and affidavits to me in California either by email or fax for me to review and sign under penalty of perjury. I then reviewed and signed numerous declarations and affidavits in California and sent them back to Lipscomb and LEB.

10. On two occasions between 2012 and 2015, Lipscomb travelled to California in order to visit me to give updates on the status of the copyright lawsuits and to give accounting for the damage awards and settlements he was holding in trust for Malibu Media.

11. At various times from 2012 to 2015, I attended depositions where I testified in the copyright cases. I gave my depositions by telephone conference from California, rather than travel to the state where the copyright case was filed. This was done for convenience sake.

12. Lipscomb and LEB directly supervised over 313 federal copyright cases filed on behalf of Malibu Media in California in the Southern, Eastern and Northern Districts. These 313 cases were filed by one firm, but Lipscomb and LEB hired at least two other local counsel in California from 2012 to 2015 to file and prosecute copyright infringement cases on behalf of Malibu Media. The total number of cases filed by all three firms are well in excess of 313, but I do not have exact figures as of the time of this declaration.

13. Local copyright attorneys hired by Defendants in California had an agreement with Lipscomb and his law firm to send the proceeds of the settlements from the copyright cases from California to Defendants' trust account.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 15th day of July, 2016, at Beverly Hills, California.

_____
Colette Pelissier-Field

16

**DECLARATION OF HENRIK MOSESI, ESQ.**

I, Henrik Mosesi, declare as follows:

1. I am over the age of 18. I am an attorney duly licensed to practice law in the State of California and a member in good standing with the State Bar of California. I am also an attorney admitted to practice before this Court. I am a partner at Pillar Law Group, APLC. I have personal knowledge of the facts stated herein, and could and would testify competently thereto if called upon to do so.

2. Pillar Law Group, APLC is a named defendant in the Florida lawsuit filed by Michael K. Lipscomb ("Lipscomb") on June 10, 2016. Defendant Lipscomb fails to mention this fact in his declaration.

3. Another defendant, Data Analytics, Inc. is also defendant in the Florida case.

4. Pillar Law Group was served with the Florida complaint on or about July 1, 2016 in the morning. Sometime in the afternoon, Pillar was served a second copy of the same summons and complaint. Lipscomb erroneously "served" Malibu Media's summons and complaint on Pillar. Pillar had not agreed to accept service of process on behalf of Malibu Media. As far as I know, Malibu Media has not been served with process in the Florida case.

5. Lipscomb served Pillar with the Florida complaint after it had been served with the summons and complaint in this case, even though the Florida case was filed on June 10th.

6. The Florida case has not advanced in litigation. Pillar Law Group filed a motion to dismiss based on lack of personal jurisdiction on July 20, 2016. No hearing on the motion has been set.

7. In this case, Defendants have moved for an ex-parte order extending time to respond to Plaintiff's complaint and have also filed their motion to dismiss or stay.

8. On August 16, 2016, I checked pacer.gov for cases filed in California where either Lipscomb and/or his law firm, Lipscomb Eisenberg & Baker, PL ("LEB") appeared.

9. Defendant LEB has represented clients in twenty actions in California courts. Specifically, LEB has represented clients in every California federal court and also in the Superior Court of California, County of Los Angeles. The cases are:

| # | Party | Court | Case No. |
|---|---|---|---|
| 1 | Hawk Technology Systems, LLC (pla) | caedce | 1:2015-cv-00927 |
| 2 | Hawk Technology Systems, LLC (pla) | casdce | 3:2014-cv-03033 |
| 3 | Hawk Technology Systems, LLC (dft) | candce | 4:2015-cv-02504 |
| 4 | Hawk Technology Systems, LLC (pla) | cacdce | 5:2014-cv-02217 |
| 5 | Hawk Technology Systems, LLC (pla) | cacdce | 8:2015-cv-00589 |
| 6 | Hawk Technology Systems, LLC (pla) | cacdce | 2:2014-cv-08443 |
| 7 | Hawk Technology Systems, LLC (pla) | cacdce | 2:2014-cv-03879 |
| 8 | Hawk Technology Systems, LLC (pla) | cacdce | 2:2015-cv-03580 |
| 9 | Hawk Technology Systems, LLC (pla) | candce | 3:2015-cv-03187 |
| 10 | Hawk Technology Systems, LLC (pla) | candce | 3:2015-cv-03644 |
| 11 | Mybusinessloan.com, LLC (pla) | casdce | 3:2015-cv-02843 |
| 12 | Mybusinessloan.com, LLC (pla) | casdce | 3:2016-cv-01085 |
| 13 | Mybusinessloan.com, LLC (pla) | casdce | 3:2015-cv-01802 |
| 14 | Mybusinessloan.com, LLC (pla) | casdce | 3:2016-cv-00011 |
| 15 | MyBusinessLoan.com, LLC (pla) | casdce | 3:2015-cv-02016 |
| 16 | Mybusinessloan.com, LLC (pla) | casdce | 3:2016-cv-00043 |
| 17 | MyBusinessLoan.com, LLC (pla) | casdce | 3:2015-cv-02254 |
| 18 | MyBusinessLoan.com, LLC (pla) | casdce | 3:2015-cv-02298 |
| 19 | MyBusinessLoan.com, LLC (pla) | casdce | 3:2015-cv-02296 |

10. The clients of LEB include Hawk Technology Systems, LLC, MyBusinessLoan.com, LLC, and O'Rourke Holdings, LLC. MyBusinessLoan.com, LLC is a limited liability company organized and existing under the laws of the state of California and is located at 1901 Camino Vida Roble, Suite 120, Carlsbad, California 92008. O'Rourke Holdings, LLC is a limited liability company organized and existing under the laws of the State of California, with its principal place of business in Topanga, California

11. In *Amber Coyle, et. al. v. Michael O'Rourke, et. al*. 2:14-cv-07121-JAK-FFM (C.D. Cal.) Mr. Lipscomb appeared in this Court on behalf of the Defendant and argued against a Motion

1  to Dismiss in person.

2      I declare under penalty of perjury under the laws of the United States of America that the
3  foregoing is true and correct.

4      Executed this 15th day of July, 2016, at Beverly Hills, California.

                                      Henrik Mosesi