John W. Sheller (SBN 67519)
Wendy Wen Yun Chang (SBN 180114)
HINSHAW & CULBERTSON LLP
11601 Wilshire Blvd., Suite 800
Los Angeles, CA 90025
Telephone:  310-909-8000
Facsimile:  310-909-8001
jsheller@hinshawlaw.com
wchang@hinshawlaw.com

Attorneys for Defendants LIPSCOMB, EISENBERG & BAKER, PL,
and MICHAEL KEITH LIPSCOMB

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MALIBU MEDIA, LLC,<br>A California Limited Liability<br>Company,<br><br>        Plaintiffs,<br><br>        vs.<br><br>LIPSCOMB, EISENBERG &<br>BAKER, PL, a Florida professional<br>limited liability company; MICHAEL<br>K. LIPSCOMB, an individual; and<br>DOES 1 to 100, inclusive,<br><br>        Defendants. | Case No. 2:16-CV-04715-R-FFM<br><br>**REPLY OF LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO DISMISS, or ALTERNATIVELY TO STAY ACTION UNDER *COLORADO RIVER* DOCTRINE; SUPPLEMENTAL DECLARATION OF MICHAEL K. LIPSCOMB**<br><br>Date:      September 6, 2016<br>Time:      10:00 a.m.<br>Court Room:  8<br><br>Complaint Filed: June 28, 2016 |

Defendants LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB (collectively "LEB") respectfully submit their Reply Memorandum of Points and Authorities in response to the Opposition of Plaintiff MALIBU MEDIA, LLC, to LEB's Motion to Dismiss, or Alternatively, to Stay Action under *Colorado River* Doctrine.

1

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

2   **I.    INTRODUCTION AND REPLY STATEMENT OF RELEVANT**

3   **FACTS**

4          This case should be dismissed or stayed under the doctrine set forth in

5   *Colorado River Water Conservation Dist. v. United States* (1976) 424 U.S. 800,

6   815, 96 S.Ct. 1236, 1245.  Plaintiff wasted the first ten (10) pages of its Opposition

7   by arguing the propriety of personal jurisdiction and venue, neither of which issue

8   was raised in the moving papers.  Only at the end of its Opposition does Plaintiff

9   eventually make conclusory arguments that there are no exceptional circumstances

10  justifying dismissal or a stay.  As set forth herein and in the moving papers, Plaintiff

11  is wrong, as the *Colorado River* factors weigh heavily in favor of dismissing or,

12  alternatively, staying, this federal action.

13  **II.   LEGAL ANALYSIS**

14         The Opposition simplistically and erroneously argues *Colorado River*

15  abstention is not permitted because Plaintiff's law firm (a defendant in the Florida

16  action) is not a party to this federal action and its claim under California Business

17  and Professions Code Section 17200 is not at issue. (Opposition, 12:7-16.)

18  However, there is no such requirement that the federal and state proceedings include

19  the *identical* parties and claims.   "[Plaintiff] is wrong.   Such formalistic

20  requirements would fly in the face of the Supreme Court's clear efforts to fashion a

21  flexible and holistic test for applying for the Colorado River abstention principle."

22  (*Ambrosia Coal & Const. Co. v. Pages Morales*, 368 F.3d 1320, 1329-30 (11th Cir.

23  2004).)  Here, Defendants "agree that exact parallelism does not exist, but it is not

24  required.  It is enough if the two proceedings are 'substantially similar.'" (*Nakash v.

25  Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989) (to argue "that the parties are not

26  identical is disingenuous").)   "While the Second Circuit has found that a stay was

27  inappropriate where the plaintiff's federal suit raised a claim not raised in the state

28  suit, [citation], the Ninth Circuit does not abide by such a standard.  Rather, as

1

---

already stated, the Ninth Circuit explicitly holds that "exact parallelism ... is not required." (*Boe v. Christian World Adoption, Inc.*, 2011 WL 1585830, at *7 (E.D. Cal. Apr. 22, 2011) citing *Nakash,* 882 F.2d at 1416 (state and federal cases were "substantially similar" even though federal case included RICO claim that state case did not).)  Indeed, as in this case, a Court "should be particularly reluctant to find that the actions are not parallel when the federal action is but a 'spin-off' of more comprehensive state litigation." (*Nakash*, 882 F.2d at 1417.)

Here, both the Florida action and this federal case arise out of Defendants' representation of Plaintiff in connection with underlying film copyright infringement actions, including two specifically identified lawsuits at issue in both cases and a 2015 mediation/settlement that is in issue in both cases.  Both cases seek accountings in connection with the proceeds of underlying lawsuits and both seek relief in connection with the propriety of Defendants' withdrawal from the same specific underlying lawsuit.

Plaintiff incorrectly argues that this Court cannot ascertain whether the Florida case and this case are parallel because Defendants did not include a copy of the Florida complaint with their moving papers.  Defendants did not do so because the Eleventh Judicial Circuit Miami-Dade County, Florida Administrative Order 10-10(2)(A)(3)(B) provides: "the following information shall be maintained as confidential: ... [c]omplaints alleging misconduct against other entities or individuals licensed or regulated by the courts, until a finding probable cause or no probable cause is established."  Because the Florida complaint includes allegations regarding misconduct by a Florida-licensed attorney, it needed to be filed confidentially. (Supplemental Declaration of Michael K. Lipscomb ("Supp. Lipscomb Decl."), ¶ 11.)  Nevertheless, should it desire to see it, a copy of the Florida complaint will be made available for the Court to review *in camera* at the hearing.  There is simply no doubt that there is more than enough commonality between the two cases to meet the "substantially similar" threshold.

DEFENDANTS' REPLY TO OPPOSITION TO *COLORADO RIVER* MOTION TO DISMISS

1    Thus, this Court should proceed with the *Colorado River* analysis, applying
2    the eight factors set forth below "in a pragmatic and flexible way, as part of a
3    balancing process rather than as a 'mechanical checklist.'" (*Nakash*, 882 F.2d at
4    1415.)

5    **A.    There is No Real Property Involved in This Litigation.**

6    There is no *res* or real property involved in this action.   However, the
7    Opposition incorrectly cites to *Murphy v. Uncle Ben's, Inc.*, 168 F.3d 734, 738 (5th
8    Cir. 1999) for the proposition that the absence of such factor weighs against
9    *Colorado River* abstention.   As Plaintiff knows, this Court is within the Ninth
10   Circuit.   Here, binding decisional authority holds that the absence of a *res* or real
11   property makes this factor "not relevant" or "neutral for the Court's analysis ... [and]
12   not applicable here." (*Holder v. Holder*, 305 F.3d 854, 871 (9th Cir. 2002); *Cerit v.*
13   *Cerit*, 188 F. Supp. 2d 1239, 1249 (D. Haw. 2002).)

14   **B.    This California Federal Forum is Across the Country from**
15   **Defendants' Residence/Principal Place of Business, From Where**
16   **the Contract Was Performed, and is a Highly Inconvenient Forum.**

17   With respect to inconvenience,[1] Plaintiff does not and cannot dispute any of
18   the facts set forth in the moving papers, including the notable undisputed facts that
19   Lipscomb is a Florida resident and that LEB is Florida law firm with its only place
20   of business in Florida.   Instead, the Opposition falsely claims that "the only
21   inconvenience will be to the party litigants and not to non-party witnesses" and
22   identifies only Colette Pelissier, Malibu's principal, as a witness for Plaintiff and
23   Lipscomb as a witness for Defendants.   (See Opposition, 10:12-13.)   To the

24   _____

25   [1] "[C]onvenience refers to the relative ease of access to sources of proof,
26   availability of compulsory process for attendance of unwilling witnesses, and the
     cost of obtaining attendance of willing witnesses." (*AMEX Assur. Co. v. Giordano*,
26   925 F. Supp. 2d 733, 741 (D. Md. 2013) quoting *Holland v. Hay*, 840 F.Supp. 1091,
27   1100 (E.D.Va.1994) (citing *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct.
28   839, 91 L.Ed. 1055 (1947)).

3

contrary, not only are nearly all of the voluminous documents pertaining to this action located in Florida there are numerous Florida resident non-party witnesses that would be seriously inconvenienced by having to travel to California for depositions and/or trial.   Indeed, there are at least 19 former LEB employee witnesses, five current LEB witnesses and four Florida-based witnesses not currently or formerly affiliated with LEB or Plaintiff, plus an anticipated Florida standard of care expert.[2] (Supp. Lipscomb Decl., ¶¶ 5-6.)

Defendants have no control over the non-party witnesses, many of which are adverse, and thus, in order to secure involuntary attendance of these witnesses at trial, Defendants would have to serve subpoenas.  However, because this Court's subpoena power is insufficient to compel non-party Florida resident witnesses to appear at "trial, hearing, or deposition" *in California* (see F.R.C.P. 45(c)(1)), proceeding in this federal action would not only be inconvenient but highly prejudicial due to Defendants' inability to call numerous material witnesses. Accordingly, this factor weighs heavily in favor of dismissing or staying this federal case. (*See Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988) (existence of numerous New York-based non-party witnesses who would not be subject to California federal court's subpoena power weighed "persuasively" in favor of abstention under the *Colorado River*.)

_____

[2] To explain, Defendants' current and former employees' testimony regarding their billing will be relevant to the accounting claim brought by Plaintiff. (Supp. Lipscomb Decl., ¶ 7.)  Further, the attorneys who worked on the two cases over which Defendants are now being sued for malpractice (see Complaint, ¶¶ 28, 32c) will be key witnesses. (*Id.*)  And, in addition to Mr. Lipscomb, four of LEB's former attorneys worked on those matters. (*Id.*)   Additionally, many of LEB's former employees are witnesses to the process through which Plaintiff terminated LEB as its counsel, which is another of the allegations in the federal complaint. (*Id.*; see Complaint, e.g., ¶¶ 28-29, 32a, e.)  Further, DCI and LEB's office managers kept various but different components of the records of the costs associated with Plaintiff's enforcement campaign. (Supp. Lipscomb Decl., ¶ 7.)

4

C.     **The Desire to Avoid Piecemeal Litigation Supports Granting this Motion.**

Plaintiff expressly concedes, as it must, that a discretionary stay is indeed appropriate where concurrent "state and federal proceedings involve different parties and issues that could expose one or more of the parties to risk of conflicting results." (Opposition, 12:23-26.)  Plaintiff does argue that such abstention is proper "only when there is evidence of a strong federal policy that all claims should be tried in the state courts." (Opposition, 12:26-28 citing *United States v. Morros*, 268 F.3d 695, 707-07 (9th Cir. 2001).)   However, this rule arose because, unlike *Colorado River*, which was a "state law case that the Government sought to have federally adjudicated," *Morros* was a "federal law case that the state seeks to have adjudicated in state court." (*Morros*, 268 F.3d at 707.)  The instant lawsuit – a "state law case" that Plaintiff is attempting to have "federally adjudicated" – is much less like *Morros* and far more like *Colorado River*, where a dismissal was granted.

With respect to a "strong federal policy," Defendants previously cited – and Plaintiff ignored – the case of *Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423; 102 S. Ct. 2515; 73 L. Ed. 2d 116 (1982).  In that case, the Supreme Court specifically found that there was a "strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." *Middlesex Cty. Ethics Comm.*, 401 U.S. at 431 citing *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971).  The Court went on to find that a state "has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses. States traditionally have exercised extensive control over the professional conduct of attorneys." *Middlesex Cty. Ethics Comm.*, 401 U.S. at 434; *Goldfarb v. Virginia State Bar*, 421 U.S. 773, 792, 95 S. Ct. 2004, 2016, 44 L. Ed. 2d 572 (1975) (states have "a compelling interest in the practice of professions within their boundaries" that is

1  "especially great since lawyers are essential to the primary governmental function of

2  administering justice, and have historically been 'officers of the courts'".)

3  Although the instant claims sound in malpractice rather than a disciplinary

4  action, the same "extremely important interest" identified in *Middlesex Cty. Ethics*

5  *Comm.* is present here.  As Plaintiff's own Complaint specifically alleges, the claims

6  against Defendants here are centered on purported violations of *Florida's* Bar Rules

7  and can and should properly be adjudicated by a *Florida* state tribunal, i.e. as a

8  compulsory counterclaim in the Florida action.  (F.R.C.P. 13; Florida Rules Civ.

9  Pro. Rule 1.170).  The Opposition does not dispute, and thus concedes, this point.

10  As to misconduct such as Florida Bar violations, the Eleventh Judicial Circuit

11  Miami-Dade County, Florida Administrative Order 10-10(2)(A)(3)(B) requires

12  allegations of misconduct be filed confidentially.  Here, Plaintiff's false allegations

13  and declaration circumvent the important policy behind this Order.  Continuing to

14  allow Plaintiff to violate Florida's strong public policy by permitting this case to

15  proceed in public prior to a Florida court finding probable cause should not be

16  permitted.[3]

17  Significantly, as for piecemeal litigation, Defendants could *not* prosecute the

18  claims currently pending in the Florida action by way of counterclaim in this federal

19  action.  Necessarily included as parties in the Florida action are Digital Content, Inc.

20  ("DCI") and its successor in interest, Digital Analytics, Inc. ("DAI").  Notably, with

21  respect to Malibu's third cause of action for an Accounting, DCI was the entity

22  responsible for providing such accounting up to at least 2013.  (Supp. Lipscomb

23  Decl., ¶ 7.)  However, because DCI (and DAI) have their principal places of

24  business in Florida, LEB cannot bring a counterclaim against either entity in this

26  [3] Although, the merits are not at issue in this motion, Defendants vehemently
27  deny the allegations that they committed malpractice, breached their fiduciary
duties, engaged in unfair trade practices or solicited Plaintiff as a client. And,
28  Defendants possess compelling evidence to refute each of these allegations.

6

federal action without destroying diversity jurisdiction. (See 28 U.S.C.A. § 1332(c)(1) (West) ("corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"); *Bank of California Nat. Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 492 (9th Cir. 1972) (for diversity purposes, a corporation can have "dual citizenship … where it was organized, and in another state … if it has its principal place of business there")[4].)  Thus, while the Florida action can and should resolve the entirety of the disputes amongst Malibu, LEB, and other parties including Pillar, DCI, and DAI, this federal action cannot due to the constraints of diversity jurisdiction.  In other words, continuing on with this federal action would guarantee piecemeal litigation.  This factor thus weighs heavily in favor of a *Colorado River* dismissal or stay.

> **D.     The Florida Action was Filed Eighteen Days Before the Complaint in this Federal Case.**

Plaintiff does not and cannot dispute that the Florida action was filed earlier than this federal action and even "concedes that this action could have been brought in Florida." (Opposition, 9:19.)  Faced with these compelling and undisputed facts, Malibu now falsely claims that it was never served with the Florida complaint. (Opposition, 13:10-14.)  As set forth in the Supplemental Lipscomb Declaration and attached Return of Service, Malibu was indeed served on July 1, 2016 at its registered address for service of process. (Supp. Lipscomb Decl., ¶ 4, Exs. 1 and 2

_____

[4] Defendants' evidence (see Lipscomb Declaration, ¶ 8) that DCI's owner, as well as three of its four managers, are based in Florida was uncontradicted by Plaintiff, whose burden it would have been to prove complete diversity of such a counterclaim. (See *Hertz Corp. v. Friend*, 559 U.S. 77, 96-97, 130 S. Ct. 1181, 1194-95, 175 L. Ed. 2d 1029 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it").)  Plaintiff would have had to establish that DCI's "nerve center" (i.e., where its "officers direct, control, and coordinate the corporation's activities") (*Id.* at 92-93) was somewhere other than Florida but did not.

7

thereto.)   Service was effectuated upon Rebecca Smith, the person in charge at Malibu's registered address for service of process, 9701 Wilshire Boulevard, 10th Floor, Beverly Hills, CA 90212, not to Pillar, whose address is 150 South Rodeo Drive, Beverly Hills, CA 90212. (Supp. Lipscomb Decl., ¶ 4, Exs. 1 and 2 thereto.) Malibu's default is thus imminent.

Likewise, notwithstanding Plaintiff's claim that "the Florida case has not advanced at all except the filing of the under seal Complaint" (Opposition, 13:19), Pillar has admittedly filed a Motion to Dismiss for Lack of Personal Jurisdiction in the Florida action.[5] (Mosesi Decl., ¶ 6.)  In addition, LEB has been preparing written discovery (including three sets of document requests, a deposition notice, and five Notices of Subpoenas *Duces Tecum* to non-parties in the Florida action, which were propounded on August 23, 2016. (Supp. Lipscomb Decl., ¶ 9.)  Accordingly, the Florida action is indeed progressing toward resolution, and this "priority of proceeding" factor also weighs in favor of *Colorado River* dismissal or abstention.

### E.   Florida State Law Provides the Rule of Decision on the Merits and Can Adequately Protect the Rights of the Federal Litigants.

"[A]s only state law claims are pled, there are no federal law issues that weigh against surrender of jurisdiction." (*Boe*, 2011 WL 1585830, at *6 (E.D. Cal. Apr. 22, 2011) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 26 (1983).).  Here, Plaintiff concedes that federal law is inapplicable but falsely contends that both Florida and California law provide the substantive law. (Opposition, 13:24-26.)   Unfortunately, there are documents containing relevant information regarding the parties' choice of law that are subject to a confidentiality provision set forth in a confidential settlement agreement reached in connection with the dispute referenced in Paragraph 32b of the Complaint. (Supp. Lipscomb Decl.,

---

[5] Given the number of persons employed by Pillar who work in Florida, this motion is patently frivolous and will soon be subject to motion for sanctions under the Florida analog to F.R.C.P. 11. (Supp. Lipscomb Decl., ¶¶ 5, 8.)

8

¶ 10.)  As a result, these documents cannot presently be submitted in evidence to this Court. (*Id.*)  Correspondingly, Defendants respectfully request that this Court continue the hearing on this Motion to allow Defendants to seek a waiver of the confidentiality provision from the appropriate parties and present this Court with all the information necessary to rule on such Motion.

Even without this information, given Plaintiff's own allegations and repeated references to the *Florida* Bar Rules (see Complaint, ¶¶ 32d, 36, 37, 55a), it is plain that Florida law will govern the disputes in this case.  Although Plaintiff argues (without any dispute from Defendants) that a federal court sitting in diversity *can* apply Florida state law, the crux of the *Colorado River* doctrine is that there are circumstances such as the present case where a federal court *should not* do so based on "considerations of [w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." (*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978 (9th Cir. 2011).)

Indeed, Defendants herein are a Florida attorney and the Florida law firm that employs him, and the allegations against them center on violations of Florida law and Florida Bar Rules.  As set forth above, the State of Florida has a compelling interest in such claims. (*Middlesex Cty. Ethics Comm.*, 401 U.S. at 434; *Goldfarb*, 421 U.S. at 792.)  Thus, Plaintiff's claims can and should be dismissed here and asserted by way of compulsory counterclaim in the Florida action, as Plaintiff concedes it could have done from the outset. (Opposition, 9:18 ("Plaintiff concedes that this action could have been brought in Florida"), 14:7 ("Plaintiff is not alleging that the Florida court is an inadequate forum").)

### F.  This Court Should Not Award Plaintiff's Forum Shopping.

As set forth in the moving papers, the filing of the complaint in this federal action was a blatant example of forum shopping.  Plaintiff does not address, and thus concedes, that the "anti-forum shopping" prong weighs in favor of abstention.

9

### G.     The Florida Action Will Resolve All Issues Currently Before the Federal Court.

Plaintiff does not address, and thus concedes, that the first-filed Florida action will resolve all of the issues currently before this later-filed federal court.  Thus, this factor weighs in favor of abstention.

## III.     **CONCLUSION**

For all the foregoing reasons Defendants respectfully contend that a dismissal or stay is warranted by considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation. Defendants respectfully request that this Court grant this Motion and dismiss this Complaint under *Colorado River,* or alternatively, *stay* this litigation, pending resolution of the Florida action, and for any other relief that this Court deems just and proper.


DATED:  August 23, 2016                    HINSHAW & CULBERTSON LLP


                                                            By: */s/ John W. Sheller*
                                                            John W. Sheller
                                                            Wendy Wen Yun Chang
                                                            Attorneys for Defendants LIPSCOMB,
                                                            EISENBERG & BAKER, PL,
                                                            and MICHAEL KEITH LIPSCOMB

DEFENDANTS' REPLY TO OPPOSITION TO *COLORADO RIVER* MOTION TO DISMISS

31670785v1 0989099

## SUPPLEMENTAL DECLARATION OF MICHAEL KEITH LIPSCOMB

I, Michael Keith Lipscomb, declare as follows:

1.      I am over the age of 18 and named defendant in this action. I am a member of Defendant LIPSCOMB, EISENBERG & BAKER, PL ("LEB").  I have personal knowledge of the matters set forth below, and could and would testify competently thereto if called to do so.

2.      This supplemental declaration is necessary in light of the demonstrably false factual assertions raised in Plaintiff's Opposition.

3.      On page 12, lines 9-10, the Opposition falsely claims that "Defendants fail to inform this Court that Plaintiff's law firm (Pillar Law Group) is also a party" to the earlier filed Florida lawsuit.  In fact, page 3 line 7 of Defendants' Motion expressly acknowledges that the Pillar is "a defendant in the Florida action."

4.      On page 13, lines 11-14, the Opposition falsely claims that "Malibu Media has not even been served in the Florida case" and that "Defendants erroneously served Plaintiff's counsel instead of Malibu."   In fact, service was completed on July 1, 2016 upon Rebecca Smith, the person in charge at Malibu's registered address for service of process, 9701 Wilshire Boulevard, 10th Floor, Beverly Hills, CA 90212, not to Pillar, whose address is 150 South Rodeo Drive, Beverly Hills, CA 90212.  A true and correct copy of the notarized Return of Service attesting to the completion of such service is attached hereto as "Exhibit 1." A true and correct copy of the California Secretary of State's listing for Malibu's registered agent and address for service of process is attached hereto as "Exhibit 2."

5.      On page 12, lines 11-14, the Opposition falsely claims that "the only inconvenience will be to the party litigants and not to non-party witnesses" and identifies only Colette Pelissier, Malibu's principal, as a witness for Plaintiff and myself as a witness for Defendants (see Opposition, 10:12-13).  In fact, not only are nearly all of the voluminous documents pertaining to this action located in Florida there are numerous Florida resident non-party witnesses that would be seriously

11

inconvenienced by having to travel to California for depositions and/or trial, including the following 19 former LEB employees and five current LEB employees:

    A.    Megan Salazar, former LEB Office Manager and Trust Account Manager

    B.    Deborah Ros, LEB Office Manager and Trust Account Manager

    C.    Alejandra Albuerne, former LEB paralegal now working for Pillar from Florida

    D.    Crystal Sebastian, former LEB paralegal now working for Pillar from Florida

    E.    Jose Talavera, LEB attorney

    F.    Maria Chavarria, former LEB paralegal

    G.    Jason Cooper, former LEB attorney

    H.    Bertha Rojas, former LEB paralegal

    I.    Erika Lozano, former LEB paralegal

    J.    Emily Sarrells, former LEB paralegal

    K.    Alrick Dawson, former LEB paralegal

    L.    Jessica Fernandez, former LEB attorney now working for Pillar from Florida

    M.    Sherley Andrieux, former LEB bookkeeper

    N.    Jennifer Deleon, LEB paralegal

    O.    Rachel Walker, former LEB attorney

    P.    Francesca Suber, former LEB paralegal

    Q.    Lazaro Otano, former LEB paralegal

    R.    Jazmin Vera, former LEB paralegal

    S.    Daniel Shatz, former LEB attorney

    T.    Aylin Miras, former LEB paralegal

    U.    Miriela Sardinas, former LEB paralegal

    V.    Steven Eisenberg, LEB attorney

W.      Deborah Baker, former LEB attorney

X.      Angela Lipscomb, LEB attorney

6.      In addition, the following Florida-based witnesses not currently or formerly affiliated with LEB or Plaintiff would be inconvenienced by having to travel to California for depositions and/or trial, including the following:

A.      Raymond Rindone, owner of Digital Content, Inc. ("DCI"), a defendant in the Florida action, and his wife

B.      Steve Kovacks, DCI's financial manager

C.      Eric Woldoff, DCI's Chief Operating Officer

D.      Patrick Paige, the computer forensic investigator in the underlying *Raleigh* and *John Doe* cases which are the subject of the malpractice action.

E.      Cori Lopez – Florida attorney that possesses information in connection with the mediation alleged in paragraph 32b, 35b, and 55f of the Complaint

F.      Florida law standard of care expert to be determined

7.      To explain, Defendants' current and former employees' testimony regarding their billing will be relevant to the accounting claim brought by Plaintiff. Further, the attorneys who worked on the two cases over which Defendants are now being sued for malpractice herein (see Complaint, ¶¶ 28, 32a) will be key witnesses. And, in addition to myself, four of LEB's former attorneys worked on those matters. Additionally, many of LEB's former employees are witnesses to the process through which Plaintiff terminated LEB as its counsel, which is another of the allegations in the federal complaint.  Further, DCI and LEB's office managers kept various but different components of the records of the costs associated with Plaintiff's enforcement campaign.   It was DCI that was responsible for providing such accounting up to at least 2013.  DCI and DAI have their principal places of business in Florida.

13

8.     On page 13, lines 19-20, the Opposition falsely claims that the Florida lawsuit "has not advanced at all except the filing of the under seal Complaint."  In fact, the Florida complaint has been served on both Malibu (as set forth above), Pillar, who has filed a Motion to Dismiss based on a purported lack of personal jurisdiction and Digital Content, Inc. and its successor Digital Analytics, Inc.  In light of the fact that Pillar now employs at least three former LEB employees *in Florida* (and thus plainly has the requisite minimum contacts with Florida), LEB will soon be filing a Motion for Sanctions pursuant to the Florida analog to Rule 11 of the Federal Rules of Civil Procedure.

9.     Moreover, LEB has been preparing written discovery (including three sets of document requests, a deposition notice, and five Notices of Subpoenas *Duces Tecum* to non-parties in the Florida action, which are being propounded on August 23, 2016.

10.     With respect to the "controlling law" factor, Plaintiff concedes that federal law is inapplicable but falsely contends that both Florida and California law provide the substantive law. (Opposition, 13:24-26.)  Unfortunately, there are documents containing relevant information regarding the parties' choice of law that are subject to a confidentiality provision set forth in a confidential settlement agreement reached in connection with the dispute referenced in Paragraph 32b of the Complaint.  As a result, these documents cannot presently be submitted in evidence to this Court.  Correspondingly, I respectfully request that this Court continue the hearing on this Motion to allow Defendants to seek a waiver of the confidentiality provision from the appropriate parties.

11.     Plaintiff has pointed out that Defendants did not include a copy of the Florida complaint with their moving papers.  Defendants did not do so because the Eleventh Judicial Circuit Miami-Dade County, Florida Administrative Order 10-10(2)(A)(3)(B) provides: "the following information shall be maintained as confidential: ... [c]omplaints alleging misconduct against other entities or

14

31670785v1 0989099

individuals licensed or regulated by the courts, until a finding probable cause or no probable cause is established." Because the Florida complaint includes allegations regarding misconduct by a Florida-licensed attorney, it needed to be confidentially.

I declare under the penalty of perjury of the laws of the United States of America that the foregoing is true and correct.

Executed this 23rd day of August, 2016, at Miami, Florida.

/s/ *Michael Keith Lipscomb*

Michael Keith Lipscomb

DEFENDANTS' REPLY TO OPPOSITION TO *COLORADO RIVER* MOTION TO DISMISS

31670785v1 0989099

EXHIBIT 1

# RETURN OF SERVICE

State of Florida        County of Miami-Dade        Circuit Court

Case Number: 2016-014947-CA-01

Plaintiff:
LIPSCOMB, EISENBERG & BAKER, PL, A FLORIDA PROFESSIONAL
LIMITED LIABILITY COMPANY, AND MICHAEL KEITH LIPSCOMB, AN
INDIVIDUAL
vs.
Defendant:
MALIBU MEDIA, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY,
PILLAR LAW GROUP, PLLC, A CALIFORNIA PROFESSIONAL LAW
CORPORATION, DIGITAL CONTENT, INC., AN ADMINISTRATIVELY
DISSOLVED WYOMING CORPORATION, DATA ANALYTICS, INC., A
FOREIGN CORPORATION

For: Angela M. Lipscomb
LIPSCOMB EISENBERG & BAKER, PL

Received by DLE Process Servers on the 29th day of June, 2016 at 4:33 pm to be served on Malibu Media, Llc c/o
Colette Pelissier, 9701 Wilshire Blvd., 10th Cloor, Beverly Hills, CA 90212. I, Carlos Abrcacs ,
do hereby affirm that on the 01 day of July , 20 16 at 01 25 P m., executed service by delivering a
true copy of the SUMMONS; NOTICE OF CONFIDENTIAL INFORMATION WITHIN COURT FILING;
CONFIDENTIAL COMPLAINT AND DEMAND FOR JURY TRIAL in accordance with state statutes in the manner
marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ of
the within-named agency.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

(X) CORPORATE SERVICE: By serving Rebecca Smith _____ as
Person in Charge

( ) OTHER SERVICE: As described in the Comments below by serving _____ as
_____

( ) NON SERVICE: For the reason detailed in the Comments below.

COMMENTS: Description: female, Caucasian, 33 years, 5'6, 150 lbs., brown
hair

## RETURN OF SERVICE for 2016-014947-CA-01

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

PROCESS SERVER # _6456_
Appointed in accordance with State Statutes

**DLE Process Servers**
**247 S.W. 8 Street**
**#261**
**Miami, FL 33130**
**(786) 220-9705**
Our Job Serial Number: 2016011519

Robert C. Goldenhar
COMM. #2110394
Notary Public-California
Los Angeles County
My Comm. Exp. MAY 8, 2019

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.5n

*7/1/16*
*1:25pm*
*Rebecca*
*smith*

*CA#*
*6456*

## IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT
## IN AND FOR MIAMI-DADE COUNTY, FLORIDA

LIPSCOMB, EISENBERG & BAKER, PL, a
Florida professional limited liability company,
and MICHAEL KEITH LIPSCOMB, an
individual,

Case No. 2016-014947-CA-01

Plaintiffs,

v.

MALIBU MEDIA, LLC, a California limited
liability company, PILLAR LAW GROUP,
PLLC, a California professional law
corporation, DIGITAL CONTENT, INC., an
administratively dissolved Wyoming
corporation, DATA ANALYTICS, INC., a
foreign corporation,

Defendants.

_____/

## SUMMONS

THE STATE OF FLORIDA:
To Each Sheriff of the State:

YOU ARE COMMANDED to serve this Summons and a copy of the complaint or
petition in this action on defendant:

> MALIBU MEDIA, LLC
> c/o Colette Pelissier
> 9701 Wilshire Blvd., 10th Floor
> Beverly Hills, CA 90212

Each defendant is required to serve written defense to the complaint or petition on
Plaintiff's Attorney: M. Keith Lipscomb, Esquire, Lipscomb, Eisenberg & Baker, PL, 2 South
Biscayne Boulevard, Penthouse 3800, Miami, Florida 33131.

*JUN 2 9 2016*

Dated on _____.

HARVEY RUBIN
Clerk of Courts

*309950*

By: _____

Deputy Clerk

MARIO RODRIGUEZ-GONZALEZ

1

EXHIBIT 2

# Business Entity Detail

Data is updated to the California Business Search on Wednesday and Saturday mornings. Results reflect work processed through Friday, August 19, 2016. Please refer to Processing Times for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity.

| | |
|---|---|
| Entity Name: | MALIBU MEDIA, LLC |
| Entity Number: | 201103910088 |
| Date Filed: | 02/08/2011 |
| Status: | ACTIVE |
| Jurisdiction: | CALIFORNIA |
| Entity Address: | 9701 WILSHIRE BLVD 10TH FLOOR |
| Entity City, State, Zip: | BEVERLY HILLS CA 90212 |
| Agent for Service of Process: | COLETTE PELISSIER |
| Agent Address: | 9701 WILSHIRE BLVD 10TH FLOOR |
| Agent City, State, Zip: | BEVERLY HILLS CA 90212 |

\* Indicates the information is not contained in the California Secretary of State's database.

\* **Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to Name Availability.
- For information on ordering certificates, copies of documents and/or status reports or to request a more extensive search, refer to Information Requests.
- For help with searching an entity name, refer to Search Tips.
- For descriptions of the various fields and status types, refer to Field Descriptions and Status Definitions.

Privacy Statement | Free Document Readers

Copyright © 2016   California Secretary of State

**PROOF OF SERVICE**
**Malibu Media, LLC v. Lipscomb, Eisenberg & Baker, PL.**
**USDC Case No. 2:16-cv-04715-R-FFM**

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action(s); my business address is 11601 Wilshire Blvd., Suite 800, Los Angeles, CA 90025.

On August 23, 2016, I served the document(s) entitled, **REPLY OF LIPSCOMB, EISENBERG & BAKER, PL, and MICHAEL K. LIPSCOMB TO PLAINTIFF'S OPPOSITION TO MOTION AND MOTION TO DISMISS, or ALTERNATIVELY TO STAY ACTION UNDER COLORADO RIVER DOCTRINE; SUPPLEMENTAL DECLARATION OF MICHAEL K. LIPSCOMB** on the interested parties in this action:

| | |
|---|---|
| Pillar Law Group, APLC<br>Art Kalantar<br>Henrick Mosesi<br>Anthony H. Lupu<br>150 South Rodeo Drive, Suite 260<br>Beverly Hills, CA 90212 | Attorneys for Plaintiff |

**(BY MAIL):** ☐   I deposited/caused to be deposited such envelope in the mail at Los Angeles, California, with postage thereon fully prepaid. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business. I am aware that on motion of a party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

**(BY E-MAIL OR ELECTRONIC TRANSMISSION):** ☐ Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the person[s] at the e-mail address[es] set forth herein. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. See Cal.R.Ct.R. 2060

**(BY CM/ECF SERVICE):** ☒ I caused such document(s) to be delivered electronically via CM/ECF as noted herein.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 23, 2016, at Los Angeles, California.

Kristina Hightower

1
POS

31665412v1 0989099